(87 App. Div. 139.)

PEOPLE v. AMERICAN LOAN & TRUST CO.

In re SIMMONS.

(Supreme Court, Appellate Division, First Department.   October 23, 1903.)

1. INSOLVENCY—DISSOLUTION OF CORPORATION—RIGHTS OF CREDITORS — RES
   JUDICATA.
       The decision of the court on appeal from an order of confirmation
   of the report of the referee in proceedings for the dissolution of a cor-
   poration, which disposed of the whole fund and directed it to be dis-
   tributed among certain creditors, determined the rights of the creditors.
2. SAME—REPORT OF REFEREE—HEARING ON EXCEPTIONS.
       The report of a referee appointed in proceedings for the dissolution of
   a corporation, not only to take proof and report with his opinion as to
   claims for costs, expenses, and counsel fees, but to admit and reject
   creditors' claims, can only be reviewed on exceptions.
3. SAME—NOTICE TO CREDITORS.
       A creditor of a corporation in process of dissolution, who has not ap-
   peared before the referee appointed to state the account of the receiver,
   is not entitled to notice of the filing of the referee's report.
4. SAME—EXCEPTIONS—PARTICIPATION IN BENEFITS.
       Only those unpreferred creditors of a corporation who except to the
   report of the referee in proceedings for its dissolution, allowing interest
   to preferred creditors, are entitled to participate in the funds which, by
   rulings on the exceptions, are turned from the preferred claims.
5. SAME—EXCEPTIONS—SUFFICIENCY.
       In proceedings for the dissolution of a corporation, a creditor who ex-
   cepted to the report of the referee appointed to state the account of the
   receiver, which allowed interest on the claims of preferred creditors so
   far as that might prevent the payment in full of her preferred claims,
   sufficiently excepted to the report to entitle her to participate in the funds
   as an unpreferred creditor, on the court disallowing interest to the pre-
   ferred creditors.

    Appeal from Order Entered on Report of Referee.
    Action by the people against the American Loan & Trust Company.
From an order confirming the report of the referee for the distribu-
tion of the funds on dissolution of defendant corporation (80 N. Y.
Supp. 627), certain creditors appeal. Modified.
    Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, INGRAHAM, and LAUGHLIN, JJ.

    H. B. Closson, for appellants Ritch and others.
    B. E. V. McCarty, for appellant Hawes.
    O. P. Metcalf, for appellants Manufacturers' & Traders' Bank and
others.
    Clarence E. Thornall, for appellants Browing and others.
    Wm. S. Opdyke, for respondent receiver.
    James Dunne, for respondents Bauer and others.

PATTERSON, J.    This is an appeal from the report of a referee making a final distribution of the remnant of the assets of the American Loan & Trust Company, consisting of a fund in the hands of its receiver, and which, on May 1, 1902, amounted to $86,976.59.    After deducting therefrom certain allowances, which are not objected to, the net amount remaining for distribution is $76,864.12, of which $59,987.95 is directed to be paid to three unpreferred creditors (in designated proportions), namely, Louis Bauer, William L. Koester, and Louise B. O'Connor, as administratrix of the estate of James O'Connor, deceased, and Louise B. O'Connor, individually.    What is left, namely, $16,876.17, is directed to be distributed among the unpreferred creditors as a whole, after charging those above named with the amounts specifically directed to be paid them.    This report was confirmed at the Special Term, and it is from that order of confirmation this appeal is taken.

The order, as made and entered, conforms to the requirement of this court as contained in a prior order made by us dated April 11, 1902, and entered May 3, 1902.    75 N. Y. Supp. 563.    By that order the distribution of the fund in the hands of the receiver was restricted to Bauer, Koester, and Louise B. O'Connor, individually and as administratrix.    It was made on an appeal from an order of the Special Term, relating to the distribution of this same balance in the hands of the receiver.    In the second report of the referee he decided that certain preferred creditors were entitled to the whole sum of $59,987.95, and that it should be distributed among them as interest to which they were entitled upon their respective preferred claims. On the motion to confirm that report, the court at Special Term (73 N. Y. Supp. 584) held that the preferred creditors were not entitled to that amount, but that it should be distributed among all the unpreferred creditors of the corporation.    On appeal to this court it was held that the preferred creditors were not entitled to interest, but that the amount was distributable among the unpreferred creditors who had filed exceptions to the second report of the referee.    On appeal to the Court of Appeals that decision was affirmed (65 N. E. 200), but with the statement in the opinion of the court that the right of one of the unpreferred creditors, namely, the executrix of the estate of Granville P. Hawes, who claimed to have filed exceptions, and therefore should be admitted into the distribution, was not before that court for consideration, and it was not passed upon.    On the motion to confirm the report of the referee now under review, many creditors of the corporation who had filed claims with the receiver, but who did not appear before the referee in the proceedings eventuating in the second report, and did not except thereto, have filed exceptions to the final report, and claim a general right to participate in the distribution of the fund, arising from the mere fact that they are creditors, while others, who tardily filed exceptions to the second report, claim that their exceptions were in due time.

We regard the rights of each of the claimants, respectively, as being determinable by the status he occupied in the proceeding which resulted in the making of the second report.    The order made by this court on the appeal from the order of confirmation of that second re-

port finally settled the rights of the claimants, disposed of the whole fund, and directed it to be distributed among those who were represented before the court. That fund was created by the diligence and through the efforts of certain unpreferred creditors, who had put themselves in the proper attitude to attack the second report of the referee. The order made by this court settled the principle of distribution, and named the distributees. We held that only those creditors were entitled to share in the distribution who had filed exceptions to the report of the referee. That decision was made in conformity with the requirement of rule 30 of the general rules of practice of the Supreme Court.

The reference, so far as creditors' claims are concerned, was not one merely to take proof and report to the court. Had it been such, no exceptions would have been required. The original order of reference did require the referee to take proof and report with his opinion as to claims for costs, expenses, and counsel fees incurred in the administration of the receivership; but it also ordered and directed the referee and clothed him with power to admit and reject all proofs of creditors' claims presented pursuant to notice by the receiver, in accordance with the rules and practice of the court requiring such presentation by those claiming to be creditors of the corporation. That called for judicial action on the part of the referee. He was not to act merely in an advisory capacity. He was required to adjudge, and, that being so, the rules and practice of the court demanded that his judgment should be reviewed upon exceptions.

When the cause came before us on the appeal relating to the second report there were no exceptants, other than Bauer, Koester, and Mrs. O'Connor, individually and as administratrix, unless it be Mrs. Bauer, as executrix, and to that further reference will hereafter be made. No other parties were before the court. The claims now presented by the Fayerweather estate, the Hull estate, the Seacord estate, and the Manufacturers' & Traders' Bank were not before the court. Exceptions were filed by those parties, but not until long after the order of this court of the 11th of April, 1902, was entered. Their exceptions accomplished no purpose whatever, and they were altogether too late, and no right was acquired by filing them. It is claimed, however, that those exceptions were timely, for the reason that no notice was given such exceptants of the filing of the referee's report, and therefore that their time within which to file exceptions had not been limited. They were not entitled to notice. On an examination of the referee's second report, we find the statement of the names of the parties who appeared before him and took part in the proceedings. Neither of the exceptants is named in that statement, and there is nothing in the rules of procedure or in the law, as we understand it, which required notice of motion for the confirmation of that report to be given to every creditor who had merely filed a claim with the receiver. We are still of the opinion that the unpreferred creditors who are entitled to share in the distribution of the fund now remaining in the hands of the receiver are those unpreferred creditors who filed exceptions in due time to the second report of the referee and none other.

We are thus brought back to the consideration of the right of Mrs. Hawes, executrix, to participate, with the three other creditors named above, in this final distribution. We have heretofore held that she was not so entitled, and that determination was founded upon the construction we gave to certain exceptions she filed which we did not regard as sufficient, but which, if sufficient, were in time. On a reconsideration of this subject, we are led to the belief that too narrow a construction was given to her exceptions. It is true that the position taken by her was one of insistency upon her right as a preferred creditor, and that in the exceptions filed by her she did not claim to rank as an unpreferred creditor, and did not specifically assert her rights as such, but she did, in fact, file some exceptions. She excepted and objected as matter of fact, as well as matter of law, to the allowance of interest on the claims of preferred creditors, so far as that might prevent the payment in full of her two preferred claims, and until they should be first paid to her as executrix. That exception does not technically raise the objection that the preferred creditors were not entitled to interest at all, and hence we spoke generally of her not having filed exceptions; but it does indicate that the exceptant's view was that interest to such preferred creditors was to be postponed until after her superior preferred claims were allowed and paid, and yet, by a broader and more equitable construction, it may be regarded that it was open to her to argue that the preferred creditors were not entitled to interest, or, in other words, that the whole subject of interest was brought up for consideration. Mrs. Hawes was represented before the referee on all the hearings. She was contesting the right of other preferred creditors to rank either above or in equality with her, and, in that position of antagonism to them, on further reflection we think that her exception may be deemed sufficient. It is not too late to rectify the mistake which has operated to the prejudice of Mrs. Bauer as executrix. The denial of the motion made on her behalf to resettle the order of April 11, 1902, or for leave to go to the Court of Appeals, are not estoppels upon her.

The order appealed from should be modified by admitting Mrs. Hawes, as executrix, to participate with the other three unpreferred creditors in the distribution of $59,987.95, and as thus modified affirmed, without costs.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., concurs in result.