## BANK OF CHARLOTTE *vs.* M. W. HART *et al.*

The act of 1869–'70, requiring bank bills to be received in payment of judgments, rendered in favor of banks chartered prior to May 1st, 1865, is constitutional. The Statute is merely an extension of the principles upon which the statute of set-off is based, and in adjusting the balances according to equitable principles, interest on the bank bills, tendered in payment, should be allowed from the date of the demand and protest.

Rule upon plaintiff, to show cause why it should not accept its bills in satisfaction of a judgment, heard before *Logan, J.,* at Spring Term, 1872, of MECKLENBURG Superior Court.

The plaintiff had obtained judgment against one Taylor and defendant Hart for $3,400, and execution was in the hands of the Sheriff. Defendant was the owner of a large number of the bills of the plaintiff (Bank of Charlotte), payment of which had been demanded and the bills protested for non-payment. The rule was to show cause why these bills should not be received in satisfaction of the judgment, allowing interest on the bills. Plaintiff objected to the allowance of interest. His Honor being of opinion with the plaintiff discharged the rule.

*J. H. Wilson,* for plaintiff.
*Jones & Johnston,* for defendants.

PEARSON, C. J. The objection, that the Act of 1869–'70, under which the defendant makes his motion, to be allowed to apply the bills of the Bank in satisfaction of the judgment against him, is unconstitutional, in that it makes bank bills a legal tender in the payment of debts, cannot be maintained. The same objection might be made to the statute which allows the plea of set-off; for the statute under consideration is merely an extension of the application of the principle on which the statute of set-off is based, that is to say, the reasonable and

equitable principle, that a court will not compel A to pay money to B, if, at the time of the payment, B has a legal right to require A to pay it back to him; in other words, in the eye of a court of justice, the difference between the debts, due by the one to the other, is the *true debt*, and is the only amount that a court of justice, as between the parties, should require to be paid.

In adjusting the balance according to the equitable principle, there can be no doubt that the defendant is entitled to be allowed interest from the date of the demand. Interest is a mere incident which the law attaches to a debt, which is not paid at the time it falls due, and ought to be paid; and the calculation of interest on specific sums due to the plaintiff, or to the defendant, is a matter for the Clerk, and does not require the intervention of a jury, or fall under the head of a writ of inquiry of damages. The plaintiff's judgment was drawing interest, and it is no more than fair that the bank bills of which the defendant demanded payment, with a view to have them applied in satisfaction of the judgment, should also bear interest, from the time at which the plaintiff was put in default by refusing to accept them in satisfaction.

There is error.

This will be certified to the end that the defendant may take his motion, and be allowed interest on the bills from time of demand.

PER CURIAM.                                      Order reversed.