LOUISE CLEMONS *vs.* EST. OF WARREN CLEMONS, apt.

May Term, 1897.

Present:  ROSS, C. J., ROWELL, TYLER, MUNSON and START, JJ.

*Judicial Disqualification—Acting as Counsel—Discretion—Attachment—
Interest on Claims in Insolvency.*

Under a statute which disqualifies for acting in a judicial capacity one
who has acted as counsel in the same matter, a judge of the court of
insolvency is not precluded from passing upon a claim consisting of a
judgment of a common law court, by reason of the fact that he acted as
counsel for the claimant in procuring that judgment.

Neither is he disqualified by reason of the fact that the judgment is
partially secured by attachment, where it does not appear that he acted
as counsel in respect to the attachment or passed upon its validity as
judge.

No exception lies to the refusal to allow pleas to be filed out of time.

In appeals from the court of insolvency, the pleadings, trial and determi-
nation are the same, by statute, as in actions at law; hence the court
properly treated the general issue as filed in the absence of any other plea.

Under the plea, *nul tiel record*, the judgment could not be impeached nor
defended against except by contesting the existence of the record.

An attachment, as the debtor's property, of all the real estate in a given
town, with the appurtenances thereof and the debtor's right in equity
to redeem the same, is good to hold all the land in the town owned by
the defendant, as appears of record.

The statute provides that upon claims in insolvency which are subject to
the payment of interest, interest shall be computed to the date of filing
the petition; but this is a rule of convenience intended to secure equality
among creditors, and the judgment of the county court should not be
reversed merely because it includes interest to a later date, for in the
settlement of the estate equality may be preserved by computing interest
on other claims to the same time.

APPEAL from the Court of Insolvency for the District
of Manchester.  Pleas to the jurisdiction and, the same
being held insufficient on demurrer, *nul tiel record.*  Trial by
court at the December Term, 1896, Bennington County,
*Thompson,* J., presiding.  Judgment for the plaintiff.  The
defendant excepted.

Under the plea of *nul tiel record* the defendant offered

35

evidence to impeach the judgment which constituted the plaintiff's claim, but the same was excluded and the defendant excepted.

Upon the facts found the court rendered judgment for the plaintiff to recover the amount of her judgment with interest to date and costs, and adjudged the same to be a preferred and secured claim by attachment, and ordered that the real estate attached be sold by the assignee, subject to all prior incumbrances and the debtor's homestead, and that the net proceeds, or so much thereof as might be necessary, should be applied to the payment of the debt and costs, and that the judgment and order should be certified to the court of insolvency.

*W. B. Sheldon* for the defendant.

*Batchelder & Bates* and *Barber & Darling* for the plaintiff.

ROWELL, J. The claim proved and allowed against the defendant, an insolvent estate, was a judgment of the supreme court, affirming a judgment of Bennington County Court. The oath of claim set out with great particularity the proceedings in the suit in which the judgment was obtained, but the defendant claimed, notwithstanding that, that upon entering the appeal in the county court, the plaintiff should file a statement of her claim, setting forth the same substantially as it would be necessary to set it forth in a declaration therein in an action at law, as provided by V. S. 2088. But the court held that the oath contained a sufficient statement of claim and that no other need be filed, to which no exception was taken. Thereupon the defendant obtained leave to plead, and pleaded to the jurisdiction the pendency of a suit in chancery involving the same matter. This plea was held bad on demurrer, whereupon the defendant again obtained leave to plead, and again pleaded to the jurisdiction, for that the judge of the court of insolvency who allowed said claim and granted the appeal had been retained by the plaintiff and had acted

as counsel for her in obtaining the judgment of the county court that was thus affirmed; to which the plaintiff demurred. The oath of the claim set forth that the plaintiff had security by attachment of land, made more than four months before the filing of the petition in insolvency; but the record does not show nor the plea allege that the judge of the court of insolvency passed upon the validity of that attachment, nor that he was ever retained or acted as counsel in respect of the attachment. For aught that appears he may have been retained long after the suit was commenced and the attachment made. The statute prohibits a judge from acting in a judicial capacity in, or as a trier of, a cause or matter in which he has been retained or acted as an attorney or counsel. But this case does not come within the prohibition. The cause and matter that the judge tried were not the cause and matter in which he had been retained and acted as counsel, for that had been determined and ended by final judgment, and the allowance of that judgment was another and a different cause and matter. Therefore the plea is bad.

No exception lies to the refusal of the court to allow special pleas in bar to be filed out of time. That was matter of discretion, well exercised, in view of the fact that the defendant pleaded to the jurisdiction instead of to the merits, the declared purpose for which the leave was asked.

The court held that under the rule in such case made and provided, the general issue must be considered as already pleaded, and the case was tried thereon. This was correct, for by statute the pleadings, trial, and determination of the case, were to be as in an action at law, except that no execution could be awarded against the assignee for the debt found due to the plaintiff.

Under the plea, which was *nul tiel record*, the judgment could not be impeached for fraud nor otherwise defended against, except to contest the existence of the record as stated in the oath, which was held to be a sufficient declaration.

The defendant questions the correctness of the adjudication that said attachment is valid against the assignee, for that the return on the copy of the attachment left in the town clerk's office is too general in description of the land to create a lien thereon. The return describes the property attached as the debtor's, as all the real estate in the town of Dorset, with the appurtenances thereof, and the debtor's right in equity to redeem the same. It was held the best part of a century ago that such an attachment is good to hold all the land in the town owned by the defendant in the action, as appears of record; and such has been the law ever since. *Young* v. *Judd*, Brayt. 151.

Interest was allowed on the judgment proved. It is conceded that the plaintiff is entitled to interest thereon to the time of payment to the extent of the realization from the attachment, but claimed that as to the unpaid balance of the debt, if any, interest must cease at the time of filing the petition. It is true the statute provides that upon debts subject to the payment of interest, interest shall be computed to the date of filing the petition. It is a matter of convenience that a time should be fixed for that purpose, and the time chosen is as convenient as any; but the statute does not mean that interest shall in no event be computed to a later date, for obviously it should be when, for instance, the assets are more than enough to pay the face of the debts as allowed. So, too, should it be when necessary to secure equality among creditors; and equality can be secured in this case by computing interest on all the other debts down to the time of the rendition of this judgment, which the court of insolvency can do on the matter being brought to its attention by the assignee. There was, therefore, no error in augmenting the judgment of the supreme court by adding accrued interest, although, perhaps, there might have been a judgment rendered as to the unpaid balance that would effectuate the same equality as the method suggested. Other methods might also be suggested.

It is said that the court also increased the judgment of the supreme court by the amount of nine dollars costs, and objected that costs incurred after the filing of the petition cannot be proved. But the costs referred to, as we understand it, are the costs of this suit, to which the plaintiff is entitled by statute, § 2089,

> *Judgment affirmed and to be certified to the court of insolvency.*