L. L. HACKNEY, IN BEHALF OF HIMSELF AND OTHERS LIKE INTERESTED, v. GURNEY P. HOOD, COMMISSIONER OF BANKS, LIQUIDATING THE CONTINENTAL TRUST COMPANY.

(Filed 9 November, 1932.)

**Banks and Banking H a—Depositors and creditors of insolvent bank are entitled to interest as against rights of stockholders.**

> After demand by a depositor or creditor of a bank for the payment of the amount due and refusal of the bank to make payment, the bank is liable for the amount of the claim plus interest at the rate of six per centum per annum, C. S., 2305, 2309, and the institution of proceedings under the statute for its liquidation is a waiver of demand by the depositors and creditors and is equivalent to a refusal to pay on the part of the bank, and in the statutory distribution of its assets by the Commissioner of Banks all depositors and other creditors of the bank are entitled to the legal rate of interest upon their claims from the date the insolvency proceedings are begun until payment by the receiver, as against the stockholders of the bank who have paid the statutory liability on their stock. C. S., 219(a).

APPEAL by plaintiff from *Harris, J.,* at Chambers, in Raleigh, N. C., on 27 August, 1932. Affirmed.

This is a controversy without action submitted to the court on a statement of facts agreed. C. S., 626.

The Continental Trust Company, a banking corporation created by and organized under the laws of this State, is now in the hands of the defendant, Commissioner of Banks, for liquidation, as provided by statute. Section 218(c), N. C. Code of 1931, chapter 113, Public Laws of North Carolina, 1927. The assets of said Trust Company, including the amounts which have been collected by the defendant from the plaintiff and other stockholders of said company in payment of assessments on account of their statutory liability as stockholders (N. C. Code of 1931, section 219(a), section 21, chapter 4, Public Laws of North Carolina, 1921), after the payment of all costs and expenses of liquidation heretofore incurred, are more than sufficient in amount for the payment in full of the aggregate principal amount of all claims of depositors and other creditors of the company, which have not been paid, because not allowed by the defendant, or otherwise established. The principal amounts of all claims which have been allowed by the defendant, have been paid. After reserving from the assets now in the hands of defendant, (1) a sum sufficient to pay all costs and expenses which may be incurred hereafter; (2) a sum sufficient to pay the aggregate principal amount of all claims which have been filed with the defendant, but which have not been allowed by him, or otherwise established as valid claims; and (3) a sum sufficient to pay interest on all claims against the company, which have been allowed and paid by the defendant, or which may be hereafter allowed or established as valid claims, from the date on which the defendant took possession of the assets of said company until his final settlement with the stockholders as provided by statute, at the rate of six per cent, there will remain in the hands of the defendant, Commissioner of Banks, assets for distribution among the stockholders. N. C. Code of 1931, section 218(c), subsection 19.

The court was of opinion that upon the facts agreed the defendant, Commissioner of Banks, before making settlement with the stockholders of the Continental Trust Company, as provided by statute, should reserve from the assets now in his hands, not only the sum required for the payment of all costs and expenses of the liquidation, which may be hereafter incurred, and the sum required for the payment of the principal amounts of claims now in dispute, but also the sum required for the payment of interest, at the rate of six per cent, on the principal of all claims, both those heretofore paid, and those to be paid hereafter, if allowed by the defendant or duly established as valid claims, from the date on which the defendant took possession of the assets of the Continental Trust Company, for purposes of liquidation, until his final settlement with its stockholders, and should apply such sum to the payment of interest on said claims.

From judgment in accordance with the opinion of the court, plaintiff appealed to the Supreme Court.

*D. E. Henderson for plaintiff.*
*Attorney-General Brummitt, Assistant Attorney-General Seawell and C. I. Taylor for defendant.*

CONNOR, J. The only question of law presented by this appeal is whether depositors and other creditors of a banking corporation, created by and organized under the laws of this State, and in the hands of the Commissioner of Banks of this State, for liquidation under the provisions of section 218(c), N. C. Code of 1931, are entitled to interest, at the rate of six per cent, on the principal amount of their claims, from the date on which the Commissioner of Banks took possession of the corporation and its assets, until his final settlement with the stockholders, where after the payment of all costs and expenses of the liquidation, assets including amounts collected from stockholders in payment of assessments on account of their statutory liability as stockholders, remain in the hands of the Commissioner of Banks for distribution among the stockholders as provided by statute.

This question has not heretofore been presented to this Court for decision. We, therefore, have no authoritative decision in accordance with which the question must be answered. We think, however, that the question must be answered in the affirmative.

It is provided by statute that all sums of money due by contract of any kind, excepting money due on penal bonds, shall bear interest. C. S., 2309.

It is further provided by statute that the legal rate of interest in this State shall be six per cent per annum for such time as interest may accrue and no more. C. S., 2305. It is well settled that from and after demand made by a depositor or other creditor of a bank for payment of his deposit or debt, and refusal by the bank to pay upon such demand, the bank is liable to its depositor or creditor, not only for the amount of the deposit or debt, but also for interest on such amount, at the legal rate, from the date of such demand and refusal, although there was no special agreement between the bank and its depositor or creditor for the payment of interest. *McRae v. Malloy,* 87 N. C., 196; *Bank v. Hart,* 67 N. C., 264; *Crawford v. Bank,* 61 N. C., 136. The bank is not relieved of this liability by its insolvency. The commencement of a proceeding authorized by statute for the equitable distribution of the assets of an insolvent bank among its depositors and other creditors, is equivalent to a refusal by the bank to pay the amounts due by the

bank to such depositors and creditors, and in legal effect is a waiver of a demand by them for the payment of such amounts. By statute the stockholders of a banking corporation created by and organized under the laws of this State, are "individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation, to the extent of the amount of their stocks therein at par value thereof, in addition to the amount invested in such shares." C. S., 219(a). By reason of this statutory liability, stockholders are not entitled to a return to them of any part of the amounts which they have paid to the Commissioner of Banks, in discharge of such liability, until all the claims of depositors and other creditors against the bank, including interest, on the amounts of such claims from the date on which the said commission took possession of the assets of the insolvent bank for liquidation, have been paid.

The rule in other jurisdictions has been stated as follows: "In the distribution of the estate of an insolvent, interest should be computed to the time of the institution of insolvency proceedings upon all debts drawing interest either by agreement of the parties, or as legal damages for nonpayment. If there is a surplus after paying the principal and interest thus computed, interest should also be allowed on all the debts from the date of the institution of the proceedings." 32 C. J., 884. This is a just rule and is well supported by decisions in other jurisdictions. See *Richmond v. Irons,* 121 U. S., 27, 30 L. Ed., 864. There is no error in the judgment in the instant case. It is

Affirmed.