LAURA L. POWELL v. GURNEY P. HOOD, COMMISSIONER OF BANKS, Ex Rel. THE UNITED BANK & TRUST COMPANY AND W. P. DYER, JR., LIQUIDATING AGENT OF THE UNITED BANK & TRUST COMPANY.

(Filed 27 January, 1937.)

1. **Banks and Banking § 18—Where assets are more than sufficient to pay all claims of the class, such claims draw interest from date of insolvency.**

   At the date of the closing of the bank in question, plaintiff had on deposit therein a certain sum, and was liable on notes executed to the bank

which had been hypothecated by it to the Reconstruction Finance Corporation. Plaintiff was thereafter forced to pay the notes to the Reconstruction Finance Corporation as the holder in due course without obtaining an offset for the amount of her deposit. Under the facts of the case, plaintiff was entitled to a preferred claim against the bank for the amount of her deposit, and the assets of the bank were more than sufficient to pay all claims of this class in full. *Held:* Plaintiff was entitled to interest on the amount of her preferred claim from the date of the closing of the bank, and not merely from the date of her payment of the notes to the Reconstruction Finance Corporation.

**2. Same—Depositor paying note assigned as collateral held entitled to preferred claim for amount of deposit upon bank's paying debt to assignee and having funds remaining for distribution to creditors.**

Plaintiff's note was assigned by the payee bank before its receivership to the Reconstruction Finance Corporation, with other notes, as collateral security for the bank's indebtedness to the corporation. Upon the bank's insolvency, plaintiff was forced to pay to the Reconstruction Finance Corporation, as the holder in due course, the full amount of the note, and was precluded from offsetting her deposit, outstanding at the time of the bank's closing, against the note. Plaintiff's payment resulted in a partial discharge of the bank's indebtedness to the Reconstruction Finance Corporation, and funds realized from other notes assigned, and assets not assigned, completely discharged the bank's indebtedness to the Reconstruction Finance Corporation, and assets and funds were left over exceeding the amount of plaintiff's claim for distribution to creditors. *Held:* Plaintiff's claim against the bank for the amount of her deposit was a preferred claim against the assets of the bank.

APPEAL by both plaintiff and defendants from *Shaw, Emergency Judge,* at September Term, 1936, of GUILFORD. Modified and affirmed.

This is a controversy without action. C. S., 626.

"Plaintiff and defendants, being parties to a question in difference which might be the subject of a civil action, and having agreed upon a case constituting the facts upon which the controversy between them depends, hereby without action, present the submission thereof to the Superior Court of Guilford County, to wit: The court which would have jurisdiction thereof if an action had been brought; and thereupon they set up the following as the facts upon which the controversy depends:

"1. Defendant Gurney P. Hood is the Commissioner of Banks of the State of North Carolina, and defendant W. P. Dyer, Jr., is the liquidating agent in charge of the liquidation of the United Bank & Trust Company, a banking institution chartered under the laws of the State of North Carolina, and from the first day of July, 1932, to the eighth day of February, 1933, engaged in the transaction of a general banking business with its principal office and place of business in the city of Greensboro, and with branches in the towns of Burlington, Reidsville, and Sanford, in said State.

"2. On the 8th day of February, 1933, said bank closed its doors and immediately thereafter said Hood, Commissioner, as aforesaid, pursuant to the statutes of the State of North Carolina, in such case made and provided, assumed the possession and control of said bank for purposes of liquidation, and placed in immediate possession and control of the assets and properties thereof one W. W. Woodley as his representative and as liquidating agent thereof. Said Woodley continued as such liquidating agent for a period of several months and was succeeded as such agent by one A. G. Small, and thereafter defendant W. P. Dyer, Jr., was placed in immediate possession and control of said assets and properties, as the representative of said Hood, Commissioner, and as liquidating agent thereof, and from that time until the present time, has been and is now such liquidating agent.

"3. At the time when said bank closed its doors and ceased to do business, plaintiff had on deposit in said bank the sum of $720.98, upon which she has heretofore received from said Commissioner two liquidating dividends, aggregating 35%, or the sum of $252.35, and said bank and said Commissioner and said liquidating agent, in their respective representative capacities, are now indebted to the plaintiff in the amount of $468.63, together with interest on $720.98 at the rate of six per centum per annum, from said 8th day of February, 1933, to the 5th day of April, 1934, the date of the payment of the first of said dividends, said dividend being ten per centum of the amount of said deposit, and interest on $648.88, at the rate of six per centum from the 5th day of April, 1934, to the 5th day of May, 1936, the date of the payment of the second of said dividends, said second dividend being twenty-five per centum of said deposit, and interest on $468.63, at the rate of six per centum per annum from said 5th day of May, 1936, until paid.

"4. Prior to the closing of said bank, and the beginning of the liquidation thereof, plaintiff became indebted to said bank in the principal sum of $780.00, and as evidence of such indebtedness she executed and delivered to said bank or its order her two promissory notes in the amounts respectively of $500.00 and $280.00, said notes being dated respectively 12 November, 1932, and 14 January, 1933, both bearing interest at the rate of six per centum per annum.

"5. After the execution and delivery aforesaid of said promissory notes and before their respective maturities, said bank, being indebted to the Reconstruction Finance Corporation, a corporation chartered under the laws of the United States of America, in an amount approximating $1,250,000, hypothecated, pledged, and delivered said notes, along with many other notes and collateral, in number more than one thousand, to said Reconstruction Finance Corporation, as collateral security for the payment of said bank's note or notes to said Reconstruction Finance

Corporation, evidencing said bank's indebtedness thereto; and by reason of the premises, said Reconstruction Finance Corporation became the holder of said promissory notes in due course.

"6. After the closing of said bank, and the assumption of possession and control of its assets by said Commissioner, as aforesaid, and after the maturity of said promissory notes, demand was made upon the plaintiff by said Reconstruction Finance Corporation for the payment thereof; thereupon, on 11 October, 1934, plaintiff demanded that the amount of her deposit aforesaid in said bank, be offset against her said promissory notes, but she was advised and informed that, because said Reconstruction Finance Corporation was the holder in due course of said promissory notes, by reason of their hypothecation, pledge, and delivery by said bank to said Reconstruction Finance Corporation, before maturity, she had no right in law to set up her said deposit in said bank as an offset against said promissory notes; and, peremptory demand having been made by said Reconstruction Finance Corporation upon her to pay said notes, she had no recourse save to pay said notes, in full, together with interest, or be subjected to a suit or suits for the collection thereof, and an execution against her property upon the judgment or judgments which would inevitably have been secured against her; and, thereupon, on 11 October, 1934, being solvent, she paid said notes and interest in full, at which time the said Reconstruction Finance Corporation still held as collateral securing said bank's indebtedness to it many hundreds of notes of debtors of said bank who were not also depositors therein.

"7. When plaintiff demanded as aforesaid that the amount of her said deposit be offset against her said notes, the liquidating agent in charge of said bank represented to her that the assets thereof were not sufficient to discharge the indebtedness of said bank to said Reconstruction Finance Corporation, and that since she could not offset her said deposit against the claim of said Reconstruction Finance Corporation, as the holder in due course of said promissory notes, she would have no opportunity of availing herself of her right as against said bank of offsetting her said deposit against her said promissory notes; she believed the representation aforesaid of said liquidating agent and in paying said promissory notes relied and acted thereupon, but developments subsequent to the time of such representations and such payment have demonstrated that said representation was untrue, although it is admitted that said liquidating agent verily believed said representation to be true; and but for said representation, plaintiff would not have paid her said promissory notes without the offset against them of her said deposit.

"8. There were many depositors in said bank who were also debtors thereto, who failed and refused to pay their several indebtedness to said bank, without the allowance of their said deposits as offsets and paid their indebtedness only to the extent of their several indebtedness less their several deposits in said bank, at the time of its closing as aforesaid; and on or about the 24th day of January, 1936, defendant with money derived from the liquidation of the assets of said bank pledged to said Reconstruction Finance Corporation, and with money derived from the liquidation of assets of said bank not pledged to said Reconstruction Finance Corporation, completed the payment in full of said bank's indebtedness to said Reconstruction Finance Corporation, whereupon defendants allowed in full to the debtors of said bank who were also depositors therein, aggregating in number approximately three hundred, the full amount of their several and respective deposits, which allowances approximated the sum of $70,000; said payment to said Reconstruction Finance Corporation was made out of the proceeds of sales or collections made of assets pledged to said Reconstruction Finance Corporation and of assets not so pledged; the value of the assets returned to the defendants after the payment of said indebtedness was equal to or in excess of the total amount collected by said Reconstruction Finance Corporation on items which would have been offset by deposit balances of debtors to said bank but for the pledge to said Reconstruction Finance Corporation of said assets and the amount paid by defendants to said Reconstruction Finance Corporation on said indebtedness out of the proceeds of the sale and collection of unpledged assets.

"9. The payment of said promissory notes by plaintiff, whether made directly to said Reconstruction Finance Corporation, or its representatives, or to defendants, was made and resulted in the partial discharge of said bank's indebtedness to said Reconstruction Finance Corporation and was in contemplation of law as if made to said bank or to defendants.

"10. The assets now remaining in the possession of the defendants are insufficient to pay in full claims of unsecured creditors of said bank; they are sufficient, however, to pay the remaining costs and expenses of liquidation, all unpaid preferred and secured claims, if any, in full with interest, and the claims of the plaintiff and all persons in like plight with her in full, with interest from the date on which said bank closed, after which there will remain a substantial amount for distribution to unsecured creditors and depositors, who have heretofore received two dividends, one of ten per centum, and another of twenty-five per centum, respectively, on claims aggregating one million two hundred and thirty-nine thousand dollars."

On the foregoing facts the court was of opinion that plaintiff is entitled to recover of the defendants (1) the sum of $468.63, this being

the amount of her deposit in the United Bank & Trust Company on 8 February, 1933, the date of the closing of said bank, to wit, the sum of $720.98, less the aggregate amount of the two dividends paid on said deposit by the defendants during the course of the liquidation of said bank, to wit, the sum of $252.35; (2) interest at the rate of six per centum per annum on the sum of $648.88, this being the amount of her said deposit less the first dividend of 10 per centum, to wit, the sum of $72.10, paid thereon prior to 11 October, 1934, the date of the payment by plaintiff of her notes held by the Reconstruction Finance Corporation, as holder in due course, from 11 October, 1934, to 5 May, 1936, the date of the payment by the defendants of the second dividend of twenty-five per centum, to wit, the sum of $180.25; and (3) interest at the rate of six per centum per annum on the sum of $468.63, this being the amount of said deposit less the aggregate amount of the two dividends paid therein, from 5 May, 1936, until paid.

The court was further of the opinion that plaintiff is entitled to a lien on all the assets of the United Bank & Trust Company, now in the possession of the defendants, for the full amount of her recovery, and to the payment of said amount by the defendants out of said assets, in preference to the claims of general and unsecured creditors of the United Bank & Trust Company.

From judgment by the court in accordance with its opinion, both plaintiff and defendants appealed to the Supreme Court, each assigning error in the judgment.

*Hobgood & Ward for plaintiff.*
*Smith, Wharton & Hudgins for defendants.*

CONNOR, J. It is conceded by both plaintiff and defendants that there is no error in the judgment in this case that plaintiff recover of the defendants the sum of $468.63. It was agreed by them that this is the amount now due the plaintiff on her deposit in the United Bank & Trust Company, at the date of the closing of said bank, to wit, 8 February, 1933. The judgment to that effect is affirmed.

The defendants contend that plaintiff is not entitled to recover interest on the amount of her deposit or any part thereof, and on their appeal to this Court assign as error in the judgment the allowance of interest on said amount, or any part thereof.

It was agreed that after the partial liquidation of the assets of the United Bank & Trust Company by the defendants, and the payment of two dividends on the claims of its creditors and depositors, aggregating 35 per centum of said claims, there now remains in the hands of the defendants sufficient assets for the payment in full of all the costs and

expenses of the liquidation of the United Bank & Trust Company, of all unpaid secured or preferred claims against said bank, with interest, and of the claims of the plaintiff and of all persons in like plight with her, with interest on such claims from the date of the closing of said bank, and that after the payment of said costs and expenses, and of said claims, with interest, there will remain in the hands of the defendants sufficient assets for the payment of a dividend in a substantial amount on the claims of depositors and creditors, which are not secured or entitled to preferential payment.

In view of this agreement, the contention of the defendants that plaintiff is not entitled to recover interest on the amount of her deposit in the United Bank & Trust Company, or any part thereof, cannot be sustained, if as adjudged by the court, the plaintiff is entitled to the preferential payment of the amount of her judgment. Conceding for the present that there is no error in the judgment to that effect, there is no error in the judgment that plaintiff recover interest on the amount of her deposit.

In *American Iron & Steel Manufacturing Company v. Seaboard Air Line Railway,* 58 L. Ed., 949, in the opinion of *Mr. Justice Lamar,* it is said:

"And it is true, as held in *Tredegar Co. v. Seaboard Air Line Railway Co.,* 105 C. C. A., 501, 183 Fed., 290, that as a general rule, after property of an insolvent is *in custodia legis,* interest thereafter accruing is not allowed on debts payable out of the fund realized by a sale of the property. But this is not because the claims had lost their interest-bearing quality during that period, but is a necessary and enforced rule of distribution, due to the fact that in case of receiverships the assets are generally insufficient to pay debts in full. If all claims were of equal dignity and all bore the same rate of interest from the date of the receivership to the date of final distribution, it would be immaterial whether the dividend was calculated on the basis of the principal alone, or of principal and interest combined. But some of the debts might carry a high rate and some a low rate, and hence inequality would result in the payment of interest which accrued during the delay incident to collecting and distributing the funds. As this delay was the act of the law, no one should thereby gain an advantage or suffer a loss. For that and like reasons, in case funds are not sufficient to pay claims of equal dignity, the distribution is made only on the basis of the principal of the debt. But that rule did not prevent the running of interest during the receivership; and if as the result of good fortune or good management, the estate proved sufficient to discharge the claim in full, interest as well as principal should be paid. Even in bankruptcy, and in the face of the argument that the debtor's liability on the debt and its inci-

dents terminated at the date of adjudication, and as a fixed liability was transferred to the fund, it has been held, in the rare instances when the assets ultimately proved sufficient for the purpose, that creditors were entitled to interest accruing after adjudication. 2 Blk. Com. Cf. *Johnson v. Norris*, 1915-B, L. R. A. (N. S.), 884, 111 C. C. A., 291, 190 Fed., 460(5).

"The principle is not limited to cases of technical bankruptcy, where the assets ultimately prove sufficient to pay all debts in full, but principal as well as interest, accruing during a receivership, is paid on debts of the highest dignity, even though what remains is not sufficient to pay claims of a lower rank in full. *Central Trust Co. v. Condon*, 14 C. C. A., 314, 31 U. S. App., 387, 67 Fed., 84; *Richmond & I. Constr. Co. v. Richmond, N. I. & B. R. Co.*, 34 L. R. A., 625, 15 C. C. A., 289, 31 U. S. App., 704, 68 Fed., 116; *First Nat. Bank v. Ewing*, 43 C. C. A., 150, 103 Fed., 190."

This principle was recognized and applied by this Court in *Hackney v. Hood, Commissioner of Banks*, 203 N. C., 486, 166 S. E., 323. In that case, the assets of an insolvent bank in the hands of the defendant for liquidation and distribution among its creditors and depositors, were sufficient for the payment of all claims against said bank, with interest from the date of its insolvency. It was held that the creditors and depositors were entitled to the payment of interest on their claims from date of the insolvency of the bank, in preference over the rights of stockholders to share in the distribution of said assets. In *In re Central Bank & Trust Company*, 206 N. C., 251, 173 S. E., 340, it was held that a preferred creditor was not entitled to the payment of interest after the insolvency of the bank, on his claim. In that case, the assets were not sufficient for the payment of all the preferred claims. For that reason, the principle was not applicable.

In the instant case, if her judgment is entitled to preferential payment by the defendants out of the assets of the United Bank & Trust Company now in their hands, the plaintiff is entitled to recover interest on the amount of her deposit from the date of the insolvency of the bank until paid. There is error in the judgment allowing plaintiff interest on her claim only from 11 October, 1934. The judgment should be modified and interest allowed on plaintiff's claim from 8 February, 1933, as contended by plaintiff on her appeal to this Court. As thus modified, the judgment should be affirmed, if plaintiff is entitled to the preferential payment of her claim, as adjudged by the court.

It was agreed that the payment by the plaintiff of her promissory notes, aggregating the sum of $780.00, and payable to the United Bank & Trust Company or its order, to the Reconstruction Finance Corporation, as the holder in due course of said notes, resulted in the partial discharge of the indebtedness of the bank to the said Reconstruction

Finance Corporation, and that after the payment in full of said indebtedness, assets of the United Bank & Trust Company, in the hands of the Reconstruction Finance Corporation as collateral security for said indebtedness, exceeding in value the amount of plaintiff's claim against said bank, were delivered by the Reconstruction Finance Corporation to the defendants.

In view of this agreement, the plaintiff has an equity to have the amount of her deposit applied as a payment on her notes, with the result that her deposit is entitled to preferential payment out of the assets of the United Bank & Trust Company, now in the hands of the defendants. There is no error in the judgment to that effect. On facts substantially identical with the facts of the instant case, it was so held in *Hall v. Burrell* (Colo.), 124 Pac., 751, and in *Becker v. Seymour* (Minn.), 73 N. W., 1096.

As modified in accordance with this opinion, the judgment is
Affirmed.