## In re Merion Title & Trust Company

*Morris Gerber*, for accountant.

*Fox & McTighe* and *Mancill & Shallow*, for exceptants.

KNIGHT, P. J., June 17, 1938.—On March 16, 1931, the Balcyn Building & Loan Association borrowed from the Merion Title & Trust Company of Ardmore the sum of $100,000, at which time the Balcyn Building & Loan

Association executed and delivered to the Merion Title & Trust Company of Ardmore, the following demand note:

"No. 2.

$100,000.00                                      March 16th, 1931

................. On Demand .......... after date,

BALCYN BUILDING AND LOAN ASSOCIATION promises to pay to the order of Merion Title and Trust Company .......... One hundred thousand ....... Dollars at the office of Merion Title and Trust Co. ......

Without defalcation, for value received, with interest at the rate of .... per cent. per annum.

BALCYN BUILDING AND LOAN ASSOCIATION
(signed)  W. B. Kraft        President
(signed)  Geo. L. Haskell    Secretary
(signed)  Geo. M. Painter    Treasurer

(Corporate Seal)"

On the same day, March 16, 1931, the Merion Title & Trust Company of Ardmore endorsed the said note "without recourse", and delivered the same to The Pennsylvania Company for Insurances on Lives and Granting Annuities.

On the same day, March 16, 1931, the Merion Title & Trust Company of Ardmore executed the following written contract guaranteeing to The Pennsylvania Company for Insurances on Lives and Granting Annuities the payment of the principal and interest on the said note:

"The Merion Title & Trust Company
of Ardmore

Ardmore, Pa.,
March 16, 1931.

Pennsylvania Company, etc.,
15th & Chestnut Streets,
Philadelphia, Pennsylvania.

Gentlemen:

The Pennsylvania Company for Insurances on Lives and Granting Annuities has agreed to purchase from the Merion Title & Trust Company a certain note of the Balcyn Building & Loan Association numbered No. 2,

dated March 16, 1931, in the amount of $100,000. In consideration of the purchase of the within named obligation the Merion Title & Trust Company agreed to repurchase the within stated note, or any part thereof, upon the demand of the Pennsylvania Company. The Merion Title & Trust Company further guarantees to the Pennsylvania Company for Insurances on Lives and Granting Annuities interest on the within named note at the rate of six percent per annum and guarantees a principal reduction in principal amount of not less than $7,500 each thirty days from March 16, 1931.

Respectfully yours,<br>(sgd)   W. P. Clancy,<br>Vice President.

Attest: George W. Super,
Asst. Secretary.<br>(Seal)"

On March 17, 1931, the Merion Title & Trust Company of Ardmore, without notifying the Balcyn Building & Loan Association that the said note had been delivered by it to The Pennsylvania Company for Insurances on Lives and Granting Annuities, agreed with the Balcyn Building & Loan Association to accept $7,500 every 30 days in reduction of the principal thereof. Thereafter, the Balcyn Building & Loan Association paid the Merion Title & Trust Company of Ardmore the following sums in reduction of the principal of the said note: April 9, 1931, $10,000; May 14, 1931, $10,000; June 11, 1931, $7,500; July 9, 1931, $7,500; August 13, 1931, $7,500, and September 10, 1931, $7,500, giving a total of $50,000.

On October 28, 1931, William D. Gordon, the then Secretary of Banking of the Commonwealth of Pennsylvania, duly took possession of the business and property of the Merion Title & Trust Company of Ardmore.

At the time of the closing of the Merion Title & Trust Company of Ardmore, the said note was physically in the possession of the Pennsylvania Company, and the balance of principal due thereon was $50,000.

At the time of the closing of the Merion Title & Trust Company of Ardmore, the Balcyn Building & Loan Association had a deposit at the Merion Title & Trust Company of Ardmore of $15,446.08, and after the application by the Balcyn Building & Loan Association of part of the said deposit account, in payment of certain other indebtedness of Balcyn to Merion, there remained a balance of $5,077.19 in the said deposit account. Thereafter, on August 16, 1934, the Balcyn Building & Loan Association tendered to the Pennsylvania Company its check for $2,422.81, and an assignment of its deposit balance of $5,077.19, in full payment of the balance of $7,500 due on said note, which tender was refused.

At the time of its closing the Merion Title & Trust Company of Ardmore was indebted to the Pennsylvania Company in the sum of $1,225,000, on four demand collateral notes, of the following dates and amounts: September 17, 1931, $925,000; October 13, 1931, $100,000; October 20, 1931, $100,000, and October 23, 1931, $100,000, giving a total of $1,225,000.

At the time of the closing of the Merion Title & Trust Company of Ardmore, the collateral held by the Pennsylvania Company, which had been pledged by Merion, was approximately of the value of $2,212,525.87.

As a result of a petition filed by the Merion Title & Trust Company of Ardmore, a decree was entered by this court on November 24, 1933, authorizing Merion to compromise all liabilities of Merion to the Pennsylvania Company for $150,474.69.

Subsequently, the Pennsylvania Company discovered that in effecting said compromise it had overlooked certain additional liabilities totaling $35,000; whereupon, as a result of a supplemental petition filed by Merion, a decree was entered on January 4, 1934, by this court, authorizing the Merion Title & Trust Company of Ardmore to compromise, for the additional sum of $35,000, all outstanding liabilities of Merion to the Pennsylvania Company.

Thereafter, the excess collateral held by the Pennsylvania Company as security for the payment of the notes held by it against Merion was returned to Merion.

On February 9, 1937, a statement of claim in assumpsit was filed by the Pennsylvania Company against the Balcyn Building & Loan Association in the Court of Common Pleas of Montgomery County, as of February term, 1937, no. 56, to recover the sum of $7,500, together with interest thereon at 5½ percent from July 31, 1936, being the amount alleged to be due on the said note.

Thereafter, an affidavit of defense and new matter was filed on behalf of Balcyn setting forth the facts previously referred to herein.

Thereafter, a rule for judgment for want of a sufficient affidavit of defense and new matter was filed, and after argument thereon, an opinion was handed down on October 29, 1937 (see The Pennsylvania Co., etc., v. Balcyn B. & L. Assn., 54 Montg. 186), entering judgment in favor of the Pennsylvania Company and against the Balcyn Building & Loan Association, for the sum of $8,014.40.

Since the said opinion, Balcyn has paid, or has obligated itself to pay, the said sum of $8,014.40 to the Pennsylvania Company.

At the time of the closing of the Merion Title & Trust Company of Ardmore, and after the application of all set-offs, the balance in the Balcyn Building & Loan Association deposit account was $5,344.41, on account of which Balcyn received a dividend of five percent, or $267.22 on March 9, 1933, and a dividend of 10 percent, or $534.33, on January 1, 1935, leaving a balance in Balcyn's deposit account of $4,542.75.

There were depositor borrowers of Merion whose notes were rehypothecated with the Pennsylvania Company, and who were deprived of the right to offset their deposit balances at Merion against their indebtedness on their said notes. After the return of the excess col-

lateral by the Pennsylvania Company, as aforesaid, a second and partial account was filed by the Merion Title & Trust Company of Ardmore, and the claims of the said depositor borrowers were admitted as being "entitled to preference out of the fund created by liquidation of excess collateral returned by The Pennsylvania Company for Insurancec on Lives and Granting Annuities." The said preferred claims total $27,388.19. On November 30, 1934, a decree was entered by this court, confirming the said account.

Between the closing of the Merion Title & Trust Company of Ardmore on October 27, 1931, and the date of the return of the collateral by the Pennsylvania Company to Merion in January 1934, the Balcyn Building & Loan Association paid to the Pennsylvania Company, by installments, a total of $32,500 on account of the said note.

We have taken the facts verbatim from the stipulation because they are therein set forth with particularity and in detail.

The question before us is whether the doctrine of In re Hamilton Trust Co., 17 D. & C. 633, which has been recognized by this court and adopted by the great weight of authority in the United States, applies to the present state of facts.

The only difference between the present matter and the Hamilton Trust case is that in the present instance the collateral note of the Balcyn Building & Loan Association was not returned to the Merion Title & Trust Company of Ardmore with the other collateral held, but was paid directly to the holder, The Pennsylvania Company for Insurances on Lives and Granting Annuities.

The Balcyn note was guaranteed by Merion, and although endorsed "without recourse," there seems no doubt that the Pennsylvania Company could have recovered from the Merion Title & Trust Company of Ardmore under the guaranty as well as under the general collateral agreement held by the Philadelphia institution.

The Pennsylvania Company elected to exercise its rights as a holder of the Balcyn Building & Loan Association note, and collected the full amount thereof from the building and loan association. While this did not increase the collateral returned by the Pennsylvania Company to the receiver of Merion, it did reduce by $50,000 the amount of the Pennsylvania Company's claim against the collateral.

In other words, it seems to be conceded that the Pennsylvania Company could have collected from the collateral in its hands if it had elected to do so. If it had done so, then the Balcyn note would have been returned to Merion, and Balcyn could have set off its deposit against it.

No matter what view we take of it, the claim of The Pennsylvania Company for Insurances on Lives and Granting Annuities against the Balcyn Building & Loan Association was reduced by the amount of new money paid by Balcyn to the Pennsylvania Company after the receivership. The other debtors of Merion who made payments on their notes after the receivership have received a preference, and it would be inequitable to deny the same treatment to the Balcyn Building & Loan Association.

We are of the opinion that this case falls within the ruling of Hamilton Trust Company, supra, which ruling is found in the following cases from other jurisdictions: Becker v. Seymour et al., 71 Minn. 394; Hall v. Burrell, 22 Col. App. 278, 124 Pac. 751; Powell v. Hood, 211 N. C. 137; Schaeffer v. Ruden, etc., et al., 615 S. D. 64, 246 N. W. 105; Merchants' Ice & Fuel Co. v. Holland Baking Co., 223 Mo. App. 93.

After fully considering the case, we are of the opinion that the exception must be sustained.

And now, June 17, 1938, the exception is sustained, and exceptant allowed a preference out of the proceeds of returned collateral, to the extent of $4,542.75.