STATE BANKING COMMISSIONER v. METROPOLITAN TRUST CO.

APPEAL OF BLOOMINGDALE DEPOSITORS CORP.

1. BANKS AND BANKING—INSOLVENCY—INTEREST.
   Generally, the interest accruing after an insolvency of a bank is not allowed when the claims of all the creditors are of the same class and the assets are less than the liabilities of the estate.

2. EQUITY—MAXIMS—DISTRIBUTION OF ASSETS OF AN INSOLVENT ESTATE.
   Where a court of equity acquires jurisdiction, from any cause, to wind up, distribute, or settle an estate, property, or fund against which there are a number of separate claimants and the assets are not sufficient to satisfy all demands in full, the court always proceeds upon the principle that equality is equity, and of proportioning the property pro rata among all the creditors.

3. Receivers—Full Payment of Claims—Interest—Waiver.

> When there are assets remaining after full payment of all claims, interest should be paid to the creditors for the period the claims were in the hands of the receiver in the absence of any waiver of such interest.

4. Banks and Banking—Creditors—Legal Interest—Surplus—Stockholders.

> Equality of treatment to all creditors of a bank is not violated when all creditors of the same class receive interest and creditors, rather than stockholders, are entitled to any surplus assets remaining after payment of full amount of principal of claims to the extent of legal interest on their claims.

5. Corporations—Insolvency—Interest.

> Any payment of interest must be made to all of the creditors of an insolvent corporation alike.

6. Banks and Banking—Trust Companies—Common Creditors—Interest.

> Petitioners, some of the common creditors of trust company in receivership, who had exchanged their certificates of deposit issued by the company, protested checks or balances on deposit for receivership claim certificates, and other common creditors are entitled to participate in surplus of assets remaining after payment of principal of claims by receiving interest in full if the balance on hand after payment of expenses and costs is sufficient; otherwise, they are only entitled to a pro rata share of the amount of interest on hand (Act No. 24, Pub. Acts 1932 [1st Ex. Sess.]).

7. Accord and Satisfaction—Consideration.

> An accord and satisfaction must rest upon some consideration.

8. Banks and Banking—Trust Company—Receivers—Certificates—Accord and Satisfaction—Interest.

> The surrender of certificates of deposit to receiver of trust company and acceptance of noninterest-bearing receivership claim certificates did not constitute an accord and satisfaction so as to bar creditors from receiving interest on claims where there was a surplus remaining after full payment of principal of all claims (Act No. 24, Pub. Acts 1932 [1st Ex. Sess.]).

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted January 10, 1940. (Docket No. 75, Calen-

dar No. 40,843.)    Decided April 1, 1940.    Rehearing denied June 18, 1940.

Receivership proceedings by Rudolph E. Reichert, State Banking Commissioner, against Metropolitan Trust Company. On petition of Bloomingdale Depositors Corporation and others for an order requiring receivers to pay interest on claims. From order denying payment of interest, petitioners appeal. Reversed.

*Waldo K. Greiner* (*Lucking, Van Auken & Sprague, Ellsworth W. Allison,* and *David M. Miro,* of counsel), for petitioners.

*Butzel, Levin & Winston* and *Slyfield, Hartman, Mercer & Reitz,* of counsel), for receivers.

POTTER, J.    The Metropolitan Trust Company, a Michigan corporation, became insolvent and suspended business June 18, 1931. Thereafter the Michigan legislature enacted Act No. 24, Pub. Acts 1932 (1st Ex. Sess.), being Comp. Laws Supp. 1935, § 12018–1 (Stat. Ann. § 23.249), which provided:

"The court having jurisdiction over such receivership in the event of the proposed sale of any of the assets of said trust company may on petition of the receiver and in its order or orders authorizing and/or confirming such sale, provide for the payment or part payment for such assets by the application of a claim or claims that may have been duly allowed against said trust company to such an extent, in such manner and upon such terms as to the said court may be deemed just and equitable, having in mind the interest and rights of all the creditors of said bank: Provided, however, That no application of a claim or claims as payment or part payment for such as-

sets shall be made except on approval by the commissioner of the banking department."

The first report of the receiver of the defunct corporation showed it had assets of an estimated value of $968,000, and that the claims filed against it were $2,045,000.

Petitioners are nine common creditors of the original corporation against which 425 claims were filed. They comprise State banks, their liquidators and receivers, and their claim is predicated upon certificates of deposit issued by the company and protested checks or balances on deposit with the Metropolitan Trust Company when the institution closed its doors June 18, 1931. They claim interest upon the amount of their claims.

Each petitioner in July, 1933, surrendered its evidences of indebtedness against the corporation and received in exchange therefor a receivership claim certificate identical in form with those issued to all the other common claimants. During 1935 and 1936, payments upon the amount due to these claimants were made and, October 29, 1936, the receivers tendered to all claimants the principal balance due upon their original claims. All claimants against the company accepted the amounts tendered except petitioners, who claimed that since a balance would remain after the payment in full of the face value of their claim certificates, petitioners were entitled to interest from June 18, 1931, until the time of final payment and distribution. Petitioners prosecuted this petition for the collection of interest and, from an order denying they were entitled to such interest, appeal.

Interest accruing after an insolvency as a general rule is not allowed when the claims of all the creditors are of the same class and the assets are less than

the liabilities of the estate. *American Iron & Steel Manfg. Co.* v. *Railway,* 233 U. S. 261 (34 Sup. Ct. 502); *New York Security & Trust Co.* v. *Lombard Investment Co.,* 73 Fed. 537; *Taylor* v. *Corning Bank & Trust Co.,* 185 Ark. 691 (48 S. W. [2d] 1102); *Ledford* v. *Skinner,* 156 Ore. 651 (69 Pac. [2d] 519); *In re American Bank & Trust Co. of Ardmore,* 176 Okla. 202 (55 Pac. [2d] 470). Different reasons have been assigned for this rule, but the most compelling reason is that equality in the treatment of these claims is equity.

"The principle, Equality is equity, or Equity delighteth in equality, is of very wide and general application." 1 Pomeroy's Equity Jurisprudence (3d Ed.), p. 676, § 405.

"Where a court of equity acquires jurisdiction, from any cause, to wind up, distribute, or settle an estate, property, or fund against which there are a number of separate claimants, * * * of settling the affairs of an insolvent partnership, corporation, or individual debtor in a creditor's suit brought by one on behalf of all other creditors, where the assets are not sufficient to satisfy all demands in full; the court always proceeds upon the principle that equality is equity, and of apportioning the property pro rata among all the creditors." 1 Pomeroy's Equity Jurisprudence (3d Ed.), p. 685, § 410.

See, also, *Ticonic National Bank* v. *Sprague,* 303 U. S. 406 (58 Sup. Ct. 612); Hanson, Effect of Insolvency Proceedings on Creditor's Right to Interest, 32 Michigan Law Review, p. 1069 (June, 1934).

When the assets are insufficient to pay the full amount on the claims, a payment of interest to certain creditors will deny others the recovery of even the principal. He who seeks equity must do equity.

"Whatever be the nature of the controversy between two definite parties, and whatever be the nature of the remedy demanded, the court will not con-

fer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, and growing out of or necessarily involved in the subject matter of the controversy. * * * that the court will give the plaintiff the relief to which he is entitled, only upon condition that he has given, or consents to give, the defendant such corresponding rights as *he* also may be entitled to in respect of the subject matter of the suit." 1 Pomeroy's Equity Jurisprudence (3d Ed.), § 385.

But, when there are assets remaining after full payment of all claims, interest should be paid to the creditors for the period the claims were in the hands of the receiver in the absence of any waiver of such interest. *Ticonic National Bank* v. *Sprague, supra; Richmond* v. *Irons,* 121 U. S. 27 (7 Sup. Ct. 788); *People* v. *American Loan & Trust Co.,* 172 N. Y. 371 (65 N. E. 200); *Lamar* v. *Taylor,* 141 Ga. 227 (80 S. E. 1085); *State, ex rel. McConnell,* v. *Park Bank & Trust Co.,* 151 Tenn. 195 (268 S. W. 638, 39 A. L. R. 449); *Hackney* v. *Hood,* 203 N. C. 486 (166 S. E. 323); *Green* v. *Stone,* 205 Ala. 381 (87 South. 862); *Flynn* v. *American Banking & Trust Co.,* 104 Me. 141 (69 Atl. 771, 19 L. R. A. [N. S.] 428, 129 Am. St. Rep. 378); *Jones* v. *Skinner,* 159 Ore. 325 (80 Pac. [2d] 60). The principle of equal treatment to all creditors is not violated when all creditors of the same class receive interest, the interest of one creditor is not sacrificed for the interest of another creditor; and the problem is simply whether the creditors or shareholders are entitled to the amount remaining in the hands of the receiver after the payment of the principal of the claims.

"Where on liquidation enough is realized to pay all the creditors in full and still leave a surplus, the creditors rather than the stockholders are entitled to

such surplus to the extent of legal interest on their claims." 9 Zollmann, Banks & Banking (Perm. Ed.), p. 486, § 6482.

It is well settled that any payment of interest must be made to all of the creditors of the insolvent corporation alike. *Young* v. *Teutonia Bank & Trust Co.,* 134 La. 879 (64 South. 806); *Phares* v. *Hood,* 118 W. Va. 208 (189 S. E. 707); *Greva* v. *Rainey,* 2 Cal. (2d) 338 (41 Pac. [2d] 328); *In re Farmers State Bank of Garber,* 185 Okla. 336 (91 Pac. [2d] 749); 9 Zollmann, Banks & Banking (Perm. Ed.), p. 484, § 6482; 3 Detroit Law Review, p. 188 (June, 1933); Hanson, Effect of Insolvency Proceedings on Creditor's Right to Interest, *supra;* 23 California Law Review, p. 521 (July, 1935); 24 Virginia Law Review, p. 803 (May, 1938); 11 North Carolina Law Review, p. 155 (February, 1933).

None of the other common creditors has been paid interest. It is not clear whether, after payment of the full amount of interest to petitioners, a balance would remain sufficient to pay interest to the other common creditors at the same rates and to the same extent as the interest demanded by petitioners. All creditors must be treated alike. Petitioners, if they receive interest at all, may receive interest in full only if, upon the payment in full of all outstanding certificates, a balance will remain after payment of expenses and costs of receivership sufficient to pay all the other common creditors interest as demanded by petitioners. Otherwise, petitioners would be entitled only to their pro rata share of the amount of interest on hand.

It is claimed by the receiver and the intervening shareholders that the surrender of the certificates of deposit and the acceptance of noninterest-bearing receivership claim certificates constituted an accord

and satisfaction which prevents petitioners from receiving even a pro rata portion of the balance remaining. An accord and satisfaction must rest upon some consideration. It is contended that by incorporating the claims in receivership claim certificates in pursuance of the statute, creditors were given a liquid, merchantable claim. Each of these claim certificates stated that at valuations fixed by the court from time to time it could either be used by the creditors in the purchase of unliquidated assets of the estate or by debtors of the estate in the payment of claims. If the certificate holder was not a debtor, he could sell the certificate at a discount to a debtor who could apply it at the value fixed by the court upon his debt. Creditors in ready need of cash were enabled to receive immediate cash and, to the extent that the valuation of the certificates fixed by the court and accepted by the receivers in payment of the debts was less than the face value of the certificates, the proportionate interest of the remaining certificate holders in the remaining assets was increased. The lower court found as a fact that the ability of the receivers eventually to pay creditors who retained their certificates one hundred cents on the dollar was due to the plan of liquidation for which the noninterest-bearing claim certificates furnished the keystone. My brethren do not agree with this contention.

Judgment is reversed and a decree will be entered providing for the payment of interest to all owners of claims for which receivership claim certificates were issued, without preference or priority of one over another.

Bushnell, C. J., and Sharpe, Chandler, North, McAllister, and Wiest, JJ., concurred with Potter, J.

WIEST, J. (*concurring*). Interest, if available, should be paid pro rata to certificate holders entitled to participate in final dividend distribution.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred with WIEST, J. BUTZEL, J., did not sit.