THE PEOPLE OF THE STATE OF NEW YORK *v.* THE AMERICAN
LOAN AND TRUST COMPANY.

In the Matter of the Accounting of J. EDWARD SIMMONS, as
Receiver of THE AMERICAN LOAN AND TRUST COMPANY.

UNION DIME SAVINGS INSTITUTION et al., Appellants; LOUIS
BAUER et al., Respondents.

1. CORPORATIONS — WHEN INTEREST NOT ALLOWED AFTER RECEIVER-
SHIP OF INSOLVENT CORPORATIONS.  In the settlement of the affairs of
insolvent corporations, while interest is allowed as against the corporation
itself or its stockholders if the assets are sufficient for the purpose, as
between preferred and unpreferred creditors no interest is allowed after
the law takes charge through the appointment of a receiver.

2. WHEN PREFERENCES TAKE EFFECT AND INTEREST CEASES.  Under
the provisions of the charter of an insolvent trust company (L. 1872, ch.
868; L. 1884, ch. 260, § 3), that "in case of the dissolution of the said com-
pany by the legislature, the Supreme Court, or otherwise, the debts due
from the company as trustee, guardian, receiver or depositary of money
in court or of savings banks funds shall have a preference," as well as
under a similar provision of the General Banking Law (L. 1892, ch. 689,
§ 130), preferences take effect upon the appointment of a receiver, but
preferred creditors are not entitled, upon the settlement of the receiver's
accounts and the distribution of the funds in his hands, to any interest,
contractual or as damages, upon their claims, from the date of the appoint-
ment of the receiver; interest is payable to all creditors if the assets
are sufficient; if not, interest ceases upon their claims, whether preferred or
unpreferred, from the date of such appointment.

*People* v. *American Loan & Trust Co.,* 70 App. Div. 579, affirmed.

(Argued October 8, 1902; decided November 11, 1902.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered May 5, 1902, which modified and affirmed as
modified an order of Special Term entered upon the report
of a referee on a final accounting.

The questions certified and the facts, so far as material, are
stated in the opinion.

*C. L. Stone, C. N. Bovee, Jr., William B. Lee* and *William
W. Storrs,* for Union Dime Savings Bank et al., appellants.

The interest is incident to the debt and is entitled to the same preference. It is to be computed at the rate of four per cent to the time of demand, and at the legal rate of six per cent thereafter to the time of actual payment. (*Matter of Fay*, 6 Misc. Rep. 462; *Upton* v. *N. Y. & E. Bank*, 13 Hun, 269; *Matter of Patterson*, 18 Hun, 221; *Champneys* v. *Lyle*, 1 Binney, 327; *National Bank* v. *M. Nat. Bank*, 94 U. S. 437; *Shultz* v. *Weaver*, 11 S. & R. 182; *Matter of Duncan*, 10 Daley, 95; *Matter of Haake*, 2 Sawy. 231; *Matter of Newland*, 7 Benedict, 63, 68; *People* v. *New York County*, 5 Cow. 334.) The rule of law which, in some cases, where interest is recoverable only as damages, precludes recovery of the interest by a separate action after the creditor has knowingly and intentionally accepted the principal sum of his demand without interest, should not be enforced upon this final accounting by the receiver so as to deprive the preferred creditors of payments otherwise lawfully their due and to divert the same for the benefit of the unpreferred creditors. (*Fake* v. *Eddy*, 15 Wend. 76; *Smith* v. *City of Buffalo*, 39 N. Y. Supp. 881; *Watts* v. *Garcia*, 40 Barb. 656; *S. C. R. R. Co.* v. *Moravia*, 61 Barb. 188; *O'Brien* v. *Young*, 95 N. Y. 430; *Devlin* v. *Mayor, etc.*, 131 N. Y. 123; *Matter of Murray*, 6 Paige, 205; *Woerz* v. *Schumacher*, 161 N. Y. 538; *Scott* v. *Morris*, 9 S. & R. 123; *People* v. *New York County*, 5 Cow. 331.) The statutes creating the preference are to be fairly and reasonably construed with the view of rendering effectual their purpose. A narrow or harsh construction with the view of limiting the preference should not be allowed. (*Cook* v. *Rindskopf*, 105 N. Y. 476; *Knapp* v. *McGowan*, 96 N. Y. 75; *Matter of Fay*, 6 Misc. Rep. 462; *People* v. *C. A. L. Ins. Co.*, 154 N. Y. 95; *Matter of E. R. F. L. Assn.*, 131 N. Y. 354.)

*Vincent P. Donihee* and *Edward S. Hatch* for Thomas P. Wickes, as receiver of Coffin & Stanton, appellant. This appellant and the other preferred creditors are entitled, under the terms of the charter of the American Loan and Trust

Company, to legal interest upon their claims. (*Barnes* v. *Arnold*, 23 Misc. Rep. 198; *Upton* v. *N. Y. & E. Bank*, 13 Hun, 269; *Matter of Fay*, 6 Misc. Rep. 462; *Matter of Patterson*, 18 Hun, 221; 78 N. Y. 608; *National Bank* v. *M. Nat. Bank*, 94 U. S. 437; *Woerz* v. *Schumacher*, 161 N. Y. 530; *Matter of Duncan*, 10 Daly, 95.) The award of interest contained in the referee's second report was within the preference provisions of the charter; the method adopted by the referee was just toward all the creditors, and his report was more equitable than the orders now in force, which exclude everybody who accepted the report from participation in the interest fund set aside by the referee. (*Connecticutt* v. *Jackson*, 1 Johns. Ch. 18.)

*James Dunne* for Louis Bauer et al., respondents. As framed, the question certified justifies the inference that the question of contractual interest was before the Appellate Division; as matter of fact, no such question was ever raised or presented by the appellant savings banks or Thomas P. Wickes, receiver. (*Hearst* v. *Shea*, 156 N. Y. 169; *Schenck* v. *Barnes*, 156 N. Y. 316; *Matter of Coatesworth*, 160 N. Y. 114; *Matter of Robinson*, 160. N. Y. 448.) Having rested their claim before the referee upon the theory of legal interest by way of damages, the appellant savings banks and Thomas P. Wickes, receiver, cannot claim for contractual interest on the hearing of the present appeal. (*Caponigri* v. *Altieri*, 135 N. Y. 255; *Kennedy Corp'n* v. *Kennedy*, 165 N. Y. 353.) The provisions of defendant's charter in respect to preferences, affecting, as they do, the property rights of unpreferred creditors in the assets of the defendant company as of the date of the insolvency, should receive an equitable construction at the hands of the court. (*C. Nat. Bank* v. *Armstrong*, 59 Fed. Rep. 372; *Merrill* v. *Nat. Bank*, 173 U. S. 131; *U. S.* v. *Kirby*, 7 Wall. 482; *Heydenfeldt* v. *D. G. & S. M. Co.*, 93 U. S. 634; *Lau Ow Bew* v. *U. S.*, 144 U. S. 47; *W. I. R. Co.* v. *C. D. N. Co.*, 160 U. S. 77; *Goillotel* v. *Mayor*, etc., 87 N. Y. 441; *People ex rel.* v. *Lacombe*,

99 N. Y. 43; *Polhemus* v. *F. R. R. Co.*, 125 N. Y. 502; *Hayden* v. *Pierce*, 144 N. Y. 512.) Equitably construed, such provisions of defendant's charter will not be taken to include, as against unpreferred creditors, interest subsequent to the date of insolvency on the debts so preferred. (*Matter of Clark*, 168 N. Y. 427.) The equities in favor of the excepting unpreferred creditors are so clear and strong that they should be upheld, unless they conflict with some settled and inflexible rule or principle of law. The provisions of section 48, chapter 37, Laws of 1875, as amended by section 282, chapter 409, Laws of 1882, are not applicable to the question under consideration, or, if applicable, all rights thereunder have been waived by the preferred creditors. (*Upton* v. *N. Y. & E. Bank*, 13 Hun, 273; *Matter of Patterson*, 18 Hun, 221; *Abbotsford* v. *Johnson*, 98 U. S. 446; *Claflin* v. *C. Ins. Co.*, 110 U. S. 81; *U. S.* v. *Mooney*, 116 U. S. 104; *Davis* v. *Davis*, 75 N. Y. 221; *Pirie* v. *C. T. & T. Co.*, 182 U. S. 438; *Classon* v. *Baldwin*, 129 N. Y. 183.) The interest contended for by the appellant preferred crediitors is not part of the debts preferred; it is interest by way of damages for detention in the payment of such debts through the administration of the receiver. (*Thomas* v. *W. C. Co.*, 149 U. S. 94; *Hawley* v. *Barker*, 5 Col. 118; *Donahue* v. *Partridge*, 160 Mass. 336.) The several orders of the court directing the payment of dividends on account of the principal of the preferred claims, the acceptance of same by the preferred creditors and their several receipts, showing that same were so applied, constitute a valid appropriation of such dividends in extinguishment of the principal of the preferred claims. (*Nat. Bank* v. *M. Nat. Bank*, 94 U. S. 437; *Matter of Clark*, 168 N. Y. 427; *Mayor, etc.*, v. *M. R. Co.*, 143 N. Y. 1; 2 Am. & Eng. Ency. of Law [2d ed.], 471, 472; Munger on Payments, 70; *Page* v. *Lloyd*, 5 Pet. 304; *Alexander* v. *Patton*, 4 Cranch, 317; *Allen* v. *Culver*, 3 Den. 284; *Bloodworth* v. *Jacobs*, 2 La. Ann. 24; *Otto* v. *Klauber*, 23 Wis. 471; *U. S.* v. *Kirkpatrick*, 9 Wheat. 720; *Backhouse* v. *Patton*, 5 Pet. 160.) When interest is not stipulated for in the con-

tract, and is recoverable only as damages for the non-payment of the debt, a creditor is prevented from sustaining an action for its recovery after accepting the principal. (*Stewart* v. *Barnes*, 153 U. S. 455; *Cutler* v. *Mayor, etc.*, 92 N. Y. 166.) This court, in the light of the question certified and the appeals allowed to the appellant savings banks and Thomas P. Wickes, as receiver, will not entertain the contentions of Mrs. Hawes. (*Grannan* v. *W. R. Assn.*, 153 N. Y. 449; *Davis* v. *Cornue*, 151 N. Y. 172; *Matter of Westerfield*, 163 N. Y. 209.)

*William S. Opdyke* for receiver, respondent.

*Barclay E. V. McCarty* and *James Anderson Hawes* for Euphemia A. Hawes, as executrix of Granville P. Hawes, deceased, respondent. The questions brought up for review on these appeals necessarily require the determination of the rights of the respondent executrix, as well as those of the appellant savings banks and receiver, and of the respondents Bauer, Koester and O'Connor, in the remaining funds in the receiver's hands; and this court is expressly authorized to "grant to either party" such relief as the undisputed facts may warrant. (Code Civ. Pro. §§ 1295, 1337, 1361.)

VANN, J. By the charter of the American Loan and Trust Company it was provided that "in case of the dissolution of the said Company by the legislature, the Supreme Court or otherwise, the debts due from the Company as trustee, guardian, receiver or depositary of money in court or of savings banks' funds shall have a preference." (L. 1872, ch. 686; L. 1874, ch. 260, § 3.) Said company carried on business pursuant to its charter until the 18th of February, 1891, when the appellant savings banks demanded payment of their deposits which was refused, and thereupon it at once closed its doors and the superintendent of banks took possession. On the 7th of March following J. Edward Simmons was appointed temporary receiver, and on May 1st, 1891, the corporation was dissolved and he was appointed permanent

receiver. The savings banks and some others presented claims to the receiver as preferred creditors which were allowed by him as such, with interest at the contractual rate to the date of suspension. Subsequently by four successive dividends, declared pursuant to orders of the Supreme Court, he paid the principal of said claims, including interest at the rate provided for by the contract of deposit to the date of suspension, and the second and third payments were receipted for as dividends "on the principal of the claim." While said orders were made without notice to the preferred creditors, they knew of the making and entry of the same when they accepted and retained the money without complaint or question. The receipts for the fourth and last dividend stated that it completed "the payment of the principal of the claim."

On the final accounting taken before a referee the appellant savings banks and Thomas P. Wickes, as receiver of Coffin & Stanton, who were preferred creditors, claimed that they were entitled to interest at six per cent upon the amount of their respective claims from the date when the insolvent corporation suspended business, and this claim was allowed by the referee, but disallowed by order of the Special Term, which denied all interest upon the preferred claims either at the legal or the contractual rate. The order was affirmed, in this respect, by the Appellate Division, one of the justices dissenting upon the ground that interest should be allowed at the rate provided by the contract. The claim of the preferred creditors, if sustained, would not only exhaust the funds in the hands of the receiver and leave nothing for the unpreferred creditors, but would give them more interest than they had contracted for, or could have received if the company had not failed.

Subsequently leave was given to the Onondaga County Savings Bank, the Monroe County Savings Bank, the Union Dime Savings Institution and the Farmers and Mechanics' Savings Bank to appeal to this court and the following questions were certified for decision: "Are the appellant Savings

Banks, or any of them, entitled to receive before payment of any dividends of the unpreferred creditors, any interest upon their deposits, demands or claims against the American Loan and Trust Company? If so, which of the said appellants are so entitled, for what time or times, at what rate or rates per cent per annum, and upon what basis of computation respectively?"

Leave was also given to Thomas P. Wickes, as receiver of Coffin & Stanton, to appeal to the Court of Appeals, and the following questions were certified for decision upon his appeal: "Is the appellant, Thomas P. Wickes, as receiver of Coffin & Stanton, entitled to receive before payment of any dividend of the unpreferred creditors any interest upon his claim against the American Loan and Trust Company? If so, for what time or times, at what rate or rates per cent per annum, and upon what basis of computation?"

As questions relating to interest are liable to arise so frequently in the settlement of the affairs of insolvent corporations, we adopt the broad, simple and just rule laid down in substance by the Appellate Division, that while interest is allowed as against the corporation itself, or its stockholders, if the assets are sufficient for the purpose, as between preferred and unpreferred creditors no interest is allowed after the law takes charge through the appointment of a receiver.

A corporation is created by the edict of the legislature and dies at its command. Knowledge is imputed to all who deal with it that when it suspends business the law takes charge of its affairs, liquidates its debts, converts its assets and distributes the proceeds among its creditors. Those who contract with it do so " with knowledge of the statutory conditions, and these must be deemed to have permeated the agreement and constituted elements of the obligation." (*People* v. *Globe Mut. Life Ins. Co.*, 91 N. Y. 174, 179; *People* v. *Security Life Ins. & Annuity Co.*, 78 N. Y. 115.) The process of administration provided by law is through a receiver, as the executive arm of the court. He is appointed for the benefit of all the creditors, both preferred and unpreferred,

and holds the assets, under the direction of the court, in trust primarily for them and finally for the corporation or its stockholders. Thereupon by operation of law the creditors become the equitable owners of the assets and the administration of affairs is for their benefit as such. The claims of creditors against the defunct corporation differ from their claims against its assets in sequestration, for they are not proved against the insolvent and dissolved nonentity, but against the fund in the receiver's hands. In the distribution of that fund the general rule applicable to insolvent estates, that equality is equity, should prevail so far as the statute, when reasonably construed, will permit. We agree with the learned Appellate Division that the statutory " provision was made with the intention that the preference should take effect at the time at which all claims against the corporation would be presentable, and that it was not the intention of the legislature to allow either contractual interest or interest as damages, to run on indefinitely through all the protracted proceedings that might continue, as they did in this case, for many years after the court took possession of the assets for the purpose of making distribution of them."

The claims of creditors are presentable when the receiver is appointed, and that date fixes their status and amount, regardless of when they are in fact presented. As we said in a recent case, " it is the day on which the court practically takes possession of the assets of the company for the purpose of distribution among its creditors, and consequently (that) is the day on which the rights of creditors should be ascertained and the value of their claims determined." (*People* v. *Commercial Alliance Life Ins. Co.*, 154 N. Y. 95, 98.) In rendering judgment in that case we relied upon *Matter of the Equitable Reserve Fund Life Association of the City of New York* (131 N. Y. 354) and *People ex rel. Atty.-General* v. *Life and Reserve Association of Buffalo* (150 N. Y. 94). While these cases related to defunct life insurance companies, we think the principle upon which they rest is applicable to the case in hand.

As the statute does not say that preferred claims shall be paid with interest to the date of payment, the courts should not, because the claims of substantially all the creditors, both preferred and unpreferred, were alike in origin, for they were created by the deposit of money, and preferences in derogation of the common law should not be extended by construction beyond the express command of the statute. If the fund in the hands of the court could have been distributed on the same day that the receiver was appointed, no claim of interest could have arisen, for there would have been no delay and no suspension of legal remedies. The delay in distribution, however, was the act of the law itself, and was essential for various purposes and among others to enable the creditors to prove their claims. "As a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds." (*Thomas* v. *Western Car Co.*, 149 U. S. 116.) Interest should not run in favor of one creditor at the expense of another, while the law, acting for all, is administering the assets. If the assets are sufficient to pay all, including interest, it must be paid, for as against the corporation itself interest should be allowed before the return of any surplus to the stockholders. As between the creditors themselves, however, no interest should be allowed during the process of administration, and the delay necessarily resulting therefrom, because the assets are equitably their assets, the administration is for their benefit and the delay is necessary to enable them to take action to present their claims in proper form, as well as to enable the court to put the assets in shape for distribution.

As the decree of dissolution relates back to the day when the court took possesssion of the assets, the delay is not the act or omission of the corporation, which is *civiliter mortuus*, but is owing to the law and hence should operate neither to benefit nor prejudice any creditor. Distribution should be made as of the date when the delay began, for it was not only caused by the law but was necessary for the protection of all

classes of creditors. As between the creditors themselves, therefore, interest ceases to accrue upon their respective claims, whether preferred or unpreferred, from the day when the corporation let go and the court took hold. This rule is so simple and easy of application that it will not only tend to prevent litigation, but will stimulate all creditors to frown upon delay and to promptly call the receiver to account. It will not induce preferred creditors to rest easy in reliance upon the expectation that they will make money through the misfortune of the corporation and, during the entire period of administration, receive interest at a greater rate than they had contracted for.

This rule is consistent with the provisions governing preferences as they appear not only in the special charter of the American Loan & Trust Company, already cited, but also in the General Banking Law (L. 1892, ch. 689, § 130). The preference provided by the one is "the debts due," and by the other, "the sums of money deposited," and as both depend on the fact of dissolution or insolvency, both may properly be held to refer to the date when the event took place which brought the preference into action. On that date distribution should have been made, but as both the court and the creditors required time, it should be made as of that date and upon the claims as they then stood.

No authority has been cited which should prevent us from laying down this useful and convenient rule. Questions relating to the allowance of interest upon preferred claims have usually been regarded as of such slight importance as to receive scant attention in the reported cases, and to rest upon the mere announcement of the result. When a question slips through the courts without discussion or anything to indicate deliberate judgment, the decision is not of great value as an authority, at least until it has stood the test of citation without criticism. This was the method of decision so far as the question of interest was concerned in *Upton* v. *New York & Erie Bank* (13 Hun, 269, 273) and *Matter of Patterson* (18 Hun, 221, 224). While we decided the latter case upon the

opinion of the General Term (78 N. Y. 608), reference to that opinion shows an able discussion of a question not now material and a statement that no question was made in that court in relation to interest. If the question was not raised in the court below, we were at liberty to disregard it. We decided nothing but what the General Term decided, and as it did not pass upon the question of interest, because it was not raised, we did not.

The respondent Euphemia A. Hawes, as executrix, complains that injustice was done her by the decision of the Appellate Division in not only denying her a preference, but also in excluding her even as an unpreferred creditor. So far as we can now see, the latter ground of complaint seems well founded, but as the person making it did not appeal to this court, and no question affecting her rights has been certified to us, we are unable to relieve her, and she must await the issue of another remedy.

The orders appealed from should be affirmed, with costs to the receiver, payable out of the fund, and to the other respondents, Mrs. Hawes as executrix excepted, payable by the appellants. The direct questions certified should be answered in the negative, and the contingent questions should not be answered at all.

Parker, Ch. J., O'Brien, Bartlett, Haight, Cullen and Werner, JJ., concur.

Ordered accordingly.