## WILSON v. WILSON.

[No. 12,388. Filed December 8, 1925.]

1. APPEAL.—*Appellant's brief must contain recital of the evidence to obtain review of ruling on motion for new trial assigning insufficiency of evidence to sustain the finding.*—To obtain a review of the court's action in overruling a motion for a new trial specifying the insufficiency of the evidence to sustain the finding, appellant's brief must contain a recital of the evidence given on the trial. p. 692.

2. APPEAL.—*Appellate tribunal cannot presume what Ohio law is as to rights of husband in wife's property and earnings.*— An appellate tribunal cannot presume what the law of Ohio is governing a husband's rights in his wife's property and earnings, and where the evidence is not set out in appellant's brief, there is no way of knowing what such law is. p. 693.

3. APPEAL.—*Appellant not allowed to change theory of his case on appeal.*—An appellant cannot be permitted to change the theory of his case on appeal, as that would work an injustice not only to the adverse litigant but also to the trial court. p. 693.

4. APPEAL.—*Husband suing his wife as trustee cannot, on appeal, claim husband's marital rights in wife's property.*—Where a husband sued his wife for an accounting on the theory that, under contract between them, she held all their property as trustee, he could not, on appeal, claim that he was entitled to a husband's marital rights in his wife's property. p. 693.

From Shelby Circuit Court; *H. C. Morrison,* Judge.

Suit by Theodore F. Wilson against Anna M. Wilson. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Wray & Sullivan* and *William V. Rooker,* for appellant.

*Ed. K. Adams* and *S. C. Kivett,* for appellee.

ENLOE, P. J.—The appellant and appellee were married at Cincinnati, Ohio, in 1889, and are husband and wife. About 1892, the parties moved to this state where they have since resided. The complaint, which was in two paragraphs, alleged: That prior to the marriage of said parties, and in contemplation thereof, they entered into a contract wherein and whereby it was agreed that the title to all property which they should acquire during coverture should be taken and held in the name of the wife; that they should be partners in all things and that the wife should hold all such property as trustee for both of the parties, as partners; that a memorandum of said agreement was given to the appellant and that he kept and retained the same until in May, 1923, when the appellee secured possos-

sion of said memorandum and destroyed the same; that the appellee had abandoned the appellant; that the parties had, since their said marriage, been engaged in business, had made money, and that the appellee held all of the property alleged to be of the value of $15,000, in her own name. There was a prayer for an accounting and for a division of all property, profits, held by said appellee.

The complaint was answered by a general denial and the issues thus formed were submitted to the court for trial, with a request that the facts be specially found. Upon the facts as found by the court, conclusions of law adverse to the appellant were stated, and a judgment in harmony with said conclusions was rendered thereon, from which this appeal is prosecuted.

One of the errors assigned is the overruling of the motion for a new trial, under which the appellant attempts to question the decision of the trial court as not being sustained by sufficient evidence, and as being contrary to law.

Appellant, who was plaintiff below, and upon whom rested the burden of making out his alleged cause of action, and upon whom, in this court, rests the burden of showing error committed by the trial court, has entirely failed to comply with clause five of Rule 22 of this court in that he has entirely failed to set forth in his brief filed herein any evidence given upon the trial of this cause; there is no attempt even to state what the evidence, or any part thereof, was that was given upon the trial. It follows that nothing is presented as to the alleged error in overruling said motion. *Barksdale* v. *State* (1925), 196 Ind. ——, 147 N. E. 765.

Upon the facts found, the court stated as its conclusions of law: (a) That the law was with the appellee; and (b) that the appellant should take nothing by his

complaint and that appellee should recover her costs. The appellant insists that each of these conclusions was erroneous for the reason that the court had found that the parties were married in the State of Ohio, and he says that, in the absence of proof, it is presumed that the common law obtains in that state and that, under the common law, the appellant, by virtue of said marriage, acquired certain rights in and to the property of his wife and that therefore the conclusions of law stated are erroneous because they deprive him of his said marital rights in and to the property of his said wife.

We cannot accede to appellant's contention in this matter for two reasons: First, the evidence not being set out in appellant's brief, we are not informed 2-4. and cannot say, or presume, in this case, as to what is the law of Ohio governing the marital relation as to the wife's property and earnings; and second, this contention of the appellant is entirely foreign to the contention as to his right of action in his complaint. His complaint was upon the theory of an express trust alleged to have been created by contract. The trial court found that no such contract as that declared upon was ever made by the parties; if no such contract was made, then the appellee could not have been a trustee of an express trust, and, upon the findings, based upon the issues formed, the conclusions of law were correct. The appellant cannot be permitted to change the theory of his case upon appeal; to allow such would work not only an injustice to the adverse litigant but also to the trial court. *Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273.

As the findings support the conclusions of law and as the judgment follows the conclusions, there was no error in entering said judgment.

We find no error in this record as to the matters complained of, and the judgment is therefore affirmed.