TAYLOR *v.* CORNING BANK & TRUST COMPANY.

Opinion delivered April 25, 1932.

*Sam Rorex* and *Nat R. Hughes,* for appellant.

*E. B. Downie, Shields Goodwin* and *Oliver & Oliver,* for appellee.

MEHAFFY, J. This is the second appeal in this case. The decision on first appeal is in 183 Ark. 557, 38 S. W. (2d) 557, where the facts are stated.

The only question in this case now is whether interest should be paid on a prior or preferred claim against an insolvent banking institution.

Appellee cites and relies on § 7360 of Crawford & Moses' Digest. That section provides for allowing interest on judgments from the day of signing the judgment. It, however, has no application here.

The claim is against the Bank Commissioner in charge of the American Exchange Trust Company, a banking institution hopelessly insolvent. While this claim is a prior or preferred claim, every other depositor has the same right as a depositor holding a preferred claim, except the right to be paid first, but, unless the banking institution or Commissioner has sufficient funds to pay all the depositors, no interest can be paid on any claim.

Appellee also cites and relies on *Arkansas Southern Ry. Co.* v. *German Nat. Bank,* 85 Ark. 136, 107 S. W. 668, but the court in that case was not dealing with an insolvent banking institution, and, under our statute judgments draw interest after the signing of the judgment, but the above case does not hold that interest may be allowed in a case like this.

Appellee next calls attention to 33 C. J. 213, § 79, and 33 C. J. 215, § 82. These sections simply state the law to be that judgments bear interest, and, as a general rule, this is true.

Appellee next refers to *Bank of Roxie* v. *Lampton,* 104 Miss. 427, 61 So. 452. That case was tried on an agreed statement of facts, and the court said: "It is manifest from the agreed statement of facts that the appellant was wholly without fault in the matter, and that the Pike County Bank & Trust Company was simply the victim of Caston's fraudulent conduct." The court in that case allowed interest. Caston was acting president of the Bank of Roxie, and acting cashier of the Pike County Bank & Trust Company, and committed the frauds mentioned in the case, but the facts in that case are different from the facts in the case at bar.

The general rule is that, unless there are sufficient funds to pay all the depositors, no depositor is entitled to interest on his claim. *Clark Sparks & Sons Mule & Horse Co.* v. *American Nat. Bank,* 230 Fed. Rep. 738; *Shaw* v. *McCord,* Tex. Civ. App. 18 S. W. (2d) 200; *State ex rel. Fant,* v. *Browne,* 156 S. C. 181, 153 S. E. 133, 69 A. L. R. 443.

In the case of *People* v. *American Loan & Trust Co.,* 172 N. Y. 371, 65 N. E. 200, VAN, J., in delivering the opinion of the court, said: "If the assets are sufficient to pay all, including interest, it must be paid, for, as against the corporation itself, interest should be allowed before the return of any surplus to the stockholders." It may be admitted that these remarks were unnecessary to the disposition of the case then under consideration,

but the rule thus asserted appears to us to be so eminently just and so well supported by other authority that we now have no hesitancy in adopting it as the rule that should be adhered to in disposing of questions of this character. It is not only in accord with the views expressed in the case of *Sickles* v. *Herold,* 149 N. Y. 332, 43 N. E. 852, but those expressed in *Nat. Bank of Commonwealth* v. *Mechanics' Nat. Bank,* 94 U. S. 437; *Richmond* v. *Irons,* 121 U. S. 64, 7 S. Ct. 788; *Mahoney* v. *Bernhard,* 63 N. Y. Supp. 642; *Wheeler* v. *Miller,* 90 N. Y. 353." See *Eastman* v. *Farmer's State Bank of Olivia,* 175 Minn. 336, 221 N. W. 236; *Leach* v. *Sanborn State Bank of Sanborn,* 210 Iowa 613, 231 N. W. 497, 69 A. L. R. 1206.

A depositor in a bank which has become insolvent is not entitled to interest on his claim unless the assets are sufficient to pay all the depositors.

The decree of the chancery court is reversed, and the cause dismissed.