HOME LIFE INSURANCE COMPANY *v.* WASSON.

4-3073

Opinion delivered July 10, 1933.

*Buzbee, Pugh & Harrison,* for appellant.

*Bridges, McGaughy & Bridges,* for appellee.

KIRBY, J. This is the second appeal of this case, a sufficient statement of which appears in the opinion on the former appeal, *Home Life Ins. Co.* v. *Taylor,* 186 Ark. 768, 55 S. W. (2d) 929. The court reversed the judgment and remanded the cause with directions to enter judgment in favor of the Home Life Insurance Company for the full amount of the collection which had been made by the Bank Commissioner on certain paper which was a prior claim, for costs, etc.

The chancellor entered a decree pursuant to the mandate, and the appellants for the first time during the entire proceedings asked orally that it be allowed interest on the amount collected prior to the filing of the intervention ($35,194.29) from the day of the filing of the intervention and that the entire decree bear interest from date until paid. The court refused to allow interest on the claim and on the judgment, and the sole question raised in the appeal is whether interest can be paid on a preferred claim against an insolvent bank.

Appellee insists that the question was not presented to the lower court on the first hearing nor to this court on the first appeal, and also that interest cannot be recovered on a preferred claim against an insolvent bank in the hands of the Bank Commissioner.

It is true that the transcript does not show that the appellants ever requested or demanded that interest be allowed on their claim until the decree of the chancery court was entered pursuant to the mandate of the Supreme Court issued after the first appeal of this case, at which time an oral request was made. None was made in fact in the appellants' claim filed with the Bank Commissioner, and no such request was made in the intervention filed by the appellants in the first instance, nor in their amended intervention, and no such request was made in the general prayer for relief.

It may be that this court could well refuse to grant any relief on that account. *Hall* v. *Potter,* 81 Ark. 476, 99 S. W. 687; *Mutual Relief Ass'n* v. *Weatherly,* 172 Ark. 991, 291 S. W. 74; *Laflin* v. *Brooks,* 180 Ark. 1167, 22 S. W. (2d) 169; *Wolf* v. *Alexander Film Co.,* 186 Ark. 848. It is not necessary, however, to do this, since the matter can be decided on its merits and is controlled by the opinion of this court in *Taylor* v. *Corning Bank & Trust Co.,* 186 Ark. 691, 48 S. W. (2d) 1102. On the first appeal of that case reported in 183 Ark. 757, 38 S. W. (2d) 557, the court held the claim should be allowed as a preferred claim, but awarded no interest. Afterwards the chancellor in a decree on the remand of the cause allowed interest as demanded by the Corning Bank & Trust Company and the Bank Commissioner appealed. The court held that interest could not be recovered, saying: "While this claim is a prior or preferred claim, every other depositor has the same right as a depositor holding a preferred claim, except the right to be paid first, but, unless the banking institution or commissioner has sufficient funds to pay all the depositors, no interest can be paid on any claim."

It was further said there: "The general rule is that, unless there are sufficient funds to pay all the depositors, no depositor is entitled to interest on his claim. * * * A depositor in a bank, which has become insolvent, is not entitled to interest on his claim unless the assets are sufficient to pay all the depositors."

The court held there also that the statute, § 7360, Crawford & Moses' Digest, allowing interest on judgments, was not applicable to the question of whether interest was payable on a preferred claim against an insolvent bank in the hands of the Bank Commissioner.

There are no allegations in the complaint or facts shown which would take this case out of the rule, no showing being made that the funds of the insolvent bank were sufficient to pay all depositors.

It follows that no error was committed in the refusal to allow judgment for interest on the preferred claim, and the decree is affirmed.