Argued June 1; affirmed June 22, 1937

# LEDFORD *v*. SKINNER

(69 P. (2d) 519)

P. L. *Patterson*, of Hillsboro, for appellant.

*Sidney J. Graham*, of Portland (S. J. Graham and F. P. Keenan, both of Portland, on the brief), for respondent.

BELT, J. The Shute Savings Bank of Hillsboro, Oregon, closed its doors on August 15, 1933, and is now in the process of liquidation. The assets in the savings account department of the bank are more than sufficient to pay its share of the expenses of liquidation and the approved claims of all savings depositors, but there is a deficit in the commercial department. The claims of the savings account depositors, including that of plaintiff, have been approved for the full amount of deposits together with accrued interest thereon to date of closing the bank.

Plaintiff now seeks a declaration of this court, for the guidance of the liquidating officer, that the surplus in the savings department must be applied to payment of interest on depositors' claims therein from August 15, 1933. The defendant state superintendent of banks contends that such surplus should be transferred to the commercial department for the benefit of its depositors. It is agreed that, even if the surplus assets be transferred, there will not be sufficient funds to pay the principal of the commercial depositors' approved

claims. From a decree directing a transfer of such assets for the benefit of the commercial depositors, the plaintiff appeals.

The precise question is: Are the depositors of the savings department entitled to interest on their claims from the date the bank was closed until paid, before any transfer of surplus assets may be made to pay the claims of the depositors in the commercial department?

Plaintiff contends that under a proper construction of sections 22-2002, 22-2003, and 22-2004, Oregon Code 1930, being a part of the banking act of 1925, the savings depositors are entitled to the exclusive benefit of the surplus in the assets of the savings department.

Section 22-2002, as amended by chapter 227, Laws of Oregon for 1933, provides as follows:

"Interest on unsecured interest-bearing deposits and on secured interest-bearing deposits other than public funds, either commercial or savings, shall cease on the date any bank or trust company is placed in the hands of the superintendent of banks for liquidation. Interest on public funds which are secured as authorized in section 22-805, Oregon Code 1930, shall continue at the rate being paid by the bank prior to the time it closed."

Under section 22-2003, the assets of the commercial department of an insolvent bank are to be liquidated for the exclusive benefit of the commercial depositors until they have been paid in full, after which any remaining assets of the commercial department are to be applied to the payment of the savings depositors' claims.

Section 22-2004, of the code, provides as follows:

"In the event of the insolvency or voluntary or involuntary liquidation of any savings bank or of any

bank or trust company maintaining a savings department, the depositors of such savings bank or the depositors of the savings department of any bank or trust company shall have a first, prior and exclusive lien on all the assets of such savings bank or the assets of the savings department of any bank or trust company, and in the distribution of such assets or the proceeds thereof, the same shall be first applied to satisfy the amount due such depositors after the payment of expenses of liquidation of such savings bank, or the savings department of any bank or trust company, and the assets of such savings bank, or the assets of such savings department, shall be held and liquidated for the exclusive benefit of depositors of such savings bank or the depositors of the savings department of any bank or trust company, and the assets of any such savings department shall not be liquidated nor applied for the benefit of depositors or creditors of any other department of such bank or trust company; *provided, that after the depositors of such savings department shall have been paid in full,* any remaining assets of such savings department may then be used or applied for the benefit of, and the payment to, depositors of the commercial department of such bank or trust company and the same shall be first applied to the amount due such commercial depositors prior to being used or applied to the payment of other creditors. (Italics ours.)

■ ■ It will be observed from the above sections, which must be construed together, that no provision is made for payment of interest on noninterest-bearing accounts after a bank is placed in the hands of the superintendent of banks for liquidation, although there is a specific inhibition against payment of interest on interest-bearing accounts. It is not known why the legislature did not include noninterest-bearing accounts in its inhibition about interest when a bank was being liquidated. It may be that such provision was deemed

superfluous. Whatever may be the reason for this omission, to allow payment of interest on noninterest-bearing accounts when the statute specifically prohibits payment of interest on interest-bearing accounts would result in absurdity. *Baker v. Williams Banking Company*, 42 Or. 213 (70 P. 711), and *Portland v. State Bank*, 107 Or. 267 (214 P. 813), cited by appellant, are not controlling since these decisions were rendered prior to the enactment of the banking act.

█ █ The general rule is well established that the creditors of an insolvent estate are not entitled to interest during the time the estate is in the hands of a receiver: Zollman on Banks and Banking, § 6482; 14a C. J. 1014. The above rule has often been announced in the liquidation of insolvent estates where the assets were not sufficient to pay both principal and interest on all creditors' claims. It has no application, however, when the assets of a bank are sufficient to pay the claims of all creditors with interest. See cases in note 39 A. L. R. 457 and 69 A. L. R. 1210.

█ Plaintiff recognizes the general rule but asserts that he comes within an exception since the bank in question was divided into departments having separate and distinct classes of depositors. The value of a depositor's claim as a basis for distribution of dividends is determined at the time the bank closes its doors: *Gamble v. Wimberly*, 44 F. (2d) 329; *Kershaw v. Jenkins*, 71 F. (2d) 647. No debt could be created against the bank after it passed into receivership: *Lippitt v. Thames Loan & Trust Co.*, 88 Conn. 185 (90 Atl. 369). In the liquidation of an insolvent estate, equity, in the absence of a statute providing otherwise, will place all creditors upon an equal footing. Some creditors may have rights in priority of payment of

principal, but none has a preference as to payment of interest accruing subsequent to time of receivership of an insolvent estate unless otherwise provided by statute. No depositor of a bank, whether savings or commercial, is entitled to interest dating from time of receivership unless a surplus exists after all creditors have been paid the principal of their approved claims: *People v. American Loan & Trust Co.*, 172 N. Y. 371 (65 N. E. 200); *Taylor v. Corning Bank & Trust Co.*, 185 Ark. 691 (48 S. W. (2d) 1102); *Gamble v. Wimberly*, supra; *State ex rel. McConnell v. Park Bank & Trust Co.*, 151 Tenn. 195 (268 S. W. 638, 39 A. L. R. 449); *Leach v. Sanborn State Bank*, 210 Iowa 613 (231 N. W. 497, 69 A. L. R. 1206); *Greva v. Rainey*, 2 Cal. (2d) 338 (41 P. (2d) 328).

In *People v. American Loan & Trust Co.*, supra, the court said:

"Interest should not run in favor of one creditor at the expense of another, while the law, acting for all, is administering the assets. If the assets are sufficient to pay all, including interest, it must be paid, for as against the corporation itself, interest should be allowed before the return of any surplus to the stockholders. As between the creditors themselves, however, no interest should be allowed during the process of administration and the delay necessarily resulting therefrom, because the assets are equitably their assets, the administration is for their benefit, and the delay is necessary to enable them to take action to present their claims in proper form, as well as to enable the court to put the assets in shape for distribution * * * This rule is so simple and easy of application that it will not only tend to prevent litigation, but will stimulate all creditors to frown upon delay and to promptly call the receiver to account. It will not induce preferred creditors to rest easy in reliance upon the expectation that they will make money through

the misfortune of the corporation, and, during the entire period of administration, receive interest at a greater rate than they had contracted for."

*Greva v. Rainey,* supra, is squarely in point as it involved a contract between different classes of depositors over the application of surplus assets of a bank, and it is against the contention of the plaintiff. This case is particularly presuasive since California has a banking act similar to the one in this state, relative to departmental banking. The court, in answering the contention of the depositors in the commercial department that its surplus assets should not be transferred to the savings department for the benefit of its depositors, said:

"As noted, the Bank Act is silent in the matter of payment of interest. No express provision is included in section 27 to the effect that the money and assets of each department are to constitute a fund for the payment of the claims, with interest. Counsel for the defendant urge that the basis for the solution of the question as between the creditors and the stockholders, that is, that interest is payable where the assets permit, in the absence of any statutory prohibition, compels the same conclusion when the question arises between the creditors of the different departments of the same bank, under the structure provided by the act and with the attendant obligations and duties imposed for their benefit. However, the rationale of the decisions leads to the opposite conclusion. The decisions, including those hereinabove cited, are uniform to the effect that in so far as is possible the creditors of an insolvent debtor must be treated on a basis of equality. See, also, White v. Knox, 111 U. S. 784, 4 S. Ct. 686, 28 L. Ed. 603; Thomas v. Western Car Co., 149 U. S. 95, 116, 117, 13 S. Ct. 824, 37 L. Ed. 663. That, indeed, is the premise from which springs the rule that interest ordinarily will not be computed nor paid from the date of the suspension of business, or commencement of the

receivership or other liquidation procedure. Therefore, there being but one debtor involved, all creditors are entitled to equal consideration except where the statute expressly provides otherwise, and then only to the extent provided. It follows that the fact that section 27 requires the assets of each department to be held solely for the 'repayment of the depositors' of that department is not to be held to enlarge the rights of such depositors so as to include interest when the act is silent on the matter and otherwise interest would not be recoverable.''

In the instant case the natural equities are not with the plaintiff. He has been paid the principal and accrued interest on his account but commercial depositors will not receive the principal on their approved claims even though they be given the benefit of the surplus funds in the savings department.

■ The force and effect of the prohibition in section 22-2002, Oregon Code 1930, against payment of interest on interest-bearing accounts is not weakened or destroyed by the provision in section 22-2004, Oregon Code 1930, that no assets of the savings department shall be applied for the benefit of the depositors of any other department of the bank until "after the depositors of such savings department shall have been paid in full". In our opinion the legislature used the words, "paid in full", in the sense that a savings depositor had received such payment when he had been paid the full amount of the deposit together with accrued interest thereon to date of the closing of the bank: *In re Prudential Trust Co.*, 244 Mass. 64 (138 N. E. 702); *Greva v. Rainey*, supra.

■ Plaintiff contends that section 22-2002, Oregon Code 1930, as amended, violates article I, § 20, of the Oregon constitution in that it purports to grant special

privileges and immunities to different classes of depositors without any reasonable basis for the classification. It is asserted that, as this section provides that interest shall be paid upon public funds after liquidation "at the rate being paid by the bank prior to the time it closed" a public depositor, in the event of surplus of assets, would not receive as high an interest rate as depositors having interest-bearing and non-interest-bearing accounts and, therefore, would constitute unfair discrimination. Plaintiff is not complaining as a public depositor. Furthermore, he is not, so far as disclosed by the record, affected by the payment of interest on public funds. Hence the question of the constitutionality of the act is not before the court for consideration.

The decree of the lower court is affirmed. In accordance with stipulation, neither party will recover costs or disbursements.

BEAN, C. J., and ROSSMAN and KELLY, JJ., concur.