FEDERAL DEPOSIT INSURANCE CORPORATION *v.* DEPARTMENT OF FINANCIAL INSTITUTIONS ET AL.

[No. 17,009. Filed December 1, 1942. Rehearing denied December 30, 1942. Transfer denied February 15, 1943.]

*Francis C. Brown* and *John L. Cecil*, both of Washington, D. C., and *Roland Obenchain*, of South Bend, for appellant.

*William H. Thompson*, *Perry E. O'Neal*, and *Patrick J. Smith*, all of Indianapolis, *Lee Walker* and *L. D. Wilson*, both of Chicago, Illinois, and *Joseph W. Verbarg*, of North Vernon, for appellees.

CURTIS, J.—The controlling facts in this case are not in dispute and may be summarized as follows: During the month of January, 1934, the Scottsburg State Bank, which at the time of its liquidation as hereinafter referred to was an insured bank under the Federal Deposit Insurance Law, being thus insured by the appellant, Federal Deposit Insurance Corporation, obtained funds from the appellee, Reconstruction Finance Corporation, and certain individuals. For brevity in this opinion, the said Scottsburg State Bank will be referred to as the "Bank," and the appellant referred to as "FDIC," and the appellee, Reconstruction Finance Corporation, as "RFC." For the money furnished by the RFC, the Bank executed and delivered to it its Income Debenture "A" in the principal sum of $30,000.00. For the funds furnished by the individuals the said Bank executed and delivered its Income Debentures "B" in the total principal sum of $15,000.00.

The Bank failed on December 5, 1936, and on December 6, 1936, the appellee, Department of Financial Institutions of the State of Indiana, took possession of the business and assets of said Bank, and ever since has been engaged in the liquidation thereof by its special representative, the appellee Heichelbech.

After the failure of the Bank and at various times, during the liquidation, the FDIC made payments to the insured depositors of said Bank totaling the principal amount of said insured deposits in a sum of money in excess of $300,000.00 but has paid no interest to the insured depositors for the period of time between the suspension of the Bank and the various payments. Each insured depositor upon being paid by the FDIC executed a receipt and assignment to the FDIC. All depositors and all other creditors not paid by FDIC have also been paid the principal amount of their

claims. The FDIC has been paid the principal amount of its claim which it filed and which was allowed by the court, but no interest accruing since the date the Bank closed has been paid either to FDIC or to the other creditors. The RFC filed its claim based on said Income Debenture "A." This claim in the amount of $30,368.22 was allowed by the court on May 14, 1937, and ordered paid after the payment of preferred claims, expenses of liquidation, and general claims, but prior to the said debentures "B" outstanding against the Bank. The RFC has received nothing on either the principal or interest of its debenture "A" or on its claim thereon which it reduced to judgment. The Department of Financial Institutions of the State of Indiana, as liquidator, successfully liquidated the assets of said Bank so that there remains now available for distribution in the hands of said department approximately $9,000.00.

The interest claim of the FDIC was not filed until March 10, 1941. To this claim of the FDIC for interest, the RFC filed its objections which by order of the court stood as its answer to said petition. Upon the issues made by said petition and the said objections thereto, the matter was submitted to the trial court for hearing and decision, resulting in the finding and judgment of the court sustaining the objections of the RFC. The final order and judgment made by the court is as follows:

"It is therefore considered, ordered and adjudged by the Court that the objections and answer of the Reconstruction Finance Corporation be, and they are, sustained, and that petitioner and claimant, the Federal Deposit Insurance Corporation, take nothing on its claim for interest herein and that said claim be, and it is, hereby disallowed and denied, and that said petition be, and it is, hereby denied."

It is from the above judgment that this appeal was prosecuted, the error assigned being the overruling of the appellant's motion for new trial which had been timely filed. The causes or grounds of the motion for new trial that present the errors sought to have reviewed are, first, that the decision of the court is not sustained by sufficient evidence, and, secondly, that the decision of the court is contrary to law.

The appellant asserts that the amount now in the hands of the appellee, Department of Financial Institutions of the State of Indiana, as liquidating agent, to wit, the sum of approximately $9,000.00, should be applied to the payment of interest upon all general liabilities of the Bank from and after the date of the closing of the Bank before any amount is paid to the appellee, RFC, on the principal of its debenture "A" or its judgment-claim thereon. The appellee contends that such amount in the hands of the appellee department should be distributed to it to be applied on its debenture "A" and claim and judgment thereon against the Bank in the said amount of $30,368.22.

We think it is a fundamentally sound statement that the RFC as the owner of the "A" debenture must be either a creditor or stockholder. It is generally conceded that the position of creditor and stockholder are mutually exclusive of each other and that one cannot logically be a creditor and stockholder by virtue of the same instrument in respect to the same fund. We quote with approval from *In re Phoenix Hotel Co. of Lexington, Ky.* (1936), 83 F. (2d) 724, 726 (C. C. A. 6), the following:

> "It is a fundamental rule of corporation law that one cannot be at the same time both a stockholder and a creditor of a corporation in respect to the same funds hazarded in the corporate enterprise. The two relations are antipodal. This prin-

ciple is not only rooted in sound public policy, but grows out of the very nature of corporations."

The RFC filed a claim based on its "A" debenture which on May 14, 1937, was allowed by the court. With respect to this action of the court, the appellee in its brief says:

"The order constituted a final judgment from which no appeal has been taken. In making such an order the Court necessarily determined that the RFC is a creditor since stockholders are not entitled to the allowance of claims based upon their stock ownership. That determination is conclusive of the question of whether the RFC is a creditor or stockholder, and said judgment, of course, cannot be attacked in this proceeding."

While there is persuasion in the said contention of the appellee, yet we think that independently of the said judgment which was unappealed from, the RFC is a creditor of the Bank by virtue of its ownership of the "A" debenture, and that the said "A" debenture is a debt of the Bank issuing it and creates a debtor-creditor relationship between the Bank and the RFC. See *Reconstruction Finance Corporation* v. *Gossett* (1938), 130 Texas 535, 549, 111 S. W. (2d) 1066. In that case the debenture was identical with the one in the instant case. It was contended in the above case that the debenture did not evidence a debt of the bank. The court decided against that contention, using the following language:

"We find nothing in the language or the spirit of this debenture which authorizes any court to hold that it does not evidence a debt or liability within the meaning of the Constitution and statutes of this State, or that such debenture is not subject to payment out of the funds now held by respondent, derived from the assessments of stockholders and the assets of the Bank."

The debenture under examination in the instant case does, we think, contain certain provisions which standing alone might lead one to the conclusion that it established a stockholder's status, but when the entire instrument is read and considered in its entirety, as it must be, and especially when the provisions of the debenture are considered to the effect that the Bank for value received promised to pay to the RFC on August 1, 1953, the principal amount of $30,000.00 with interest at the rate of 5% per annum, it seems clear that the status of creditor and debtor is established. In *Commissioner of Internal Revenue* v. *O. P. P. Holding Corp.* (1935), 76 F. (2d) 11, 12 (C. C. A. 2), the question was whether the holders of certain debenture bonds were creditors or stockholders. The bonds were by contract subordinate, both as to principal and interest, to the claims of all other creditors; the company could suspend or defer current payments of interest but the interest was still payable absolutely at a future date; the company was to pay no dividends on its stock unless all interest on the bonds had been paid in full; and the bonds had a definite maturity date. It was held that the holders were creditors and not stockholders. The court said:

> "The fact that ultimately he must be paid a definite sum at a fixed time marks his relationship to the corporation as that of creditor rather than shareholder. The final criterion between creditor and shareholder we believe to be the contingency of payment. . . . This distinction marks the vital difference between the shareholder and the creditor. The shareholder is an adventurer in the corporate business; he takes the risk, and profits from success. The creditor, in compensation for not sharing the profits, is to be paid independently of the risk of success, and gets a right to dip into the capital when the payment date arrives."

The fact that the debenture "A" in the instant case is subordinate to the obligations of the Bank to its depositors and others of its creditors does not mean that it evidences stockholders' status rather than a debt. See the Holding Corporation case, *supra*.

It is not only legally possible but the practice is somewhat common for a creditor, either through the contract giving rise to the indebtedness or through some other contract affecting his status or governing his rights, to bind himself to give precedence to other ordinary creditors. See *Bolton* v. *Britton* (1925), 9 F. (2d) 492 (C. C. A. 8). The "A" debenture in the instant case was purchased by the RFC pursuant to authority granted by Congress. The Act of Congress authorized the RFC to subscribe for preferred stock if such stock was exempt from double liability. It further provided that if, under the laws of the State (such as Indiana), a bank or trust company could not issue preferred stock exempt from double liability, then the RFC could purchase the capital notes or debentures of such bank or trust company. When the Act of Congress is considered in its entirety, we think that it was the clear intention that such debenture as we have in the instant case should not be considered as stock. If such was not the intent of Congress, then the RFC in the purchase of this debenture might become doubly liable as a stockholder under the Indiana law. We cannot presume that the RFC intended by its transaction in the instant case to violate the clear intent of the Congress of the United States. We conclude that the RFC in the instant case is a creditor and not a stockholder.

But the appellant in effect contends that even though the appellee be held to be a creditor by virtue of its

debenture "A," that it is relegated under the provisions of said debenture "A" and by the order of allowance of the RFC's claim and the judgment entered by the court thereon to a position that would entitle the appellant to be paid interest subsequent to the beginning of the liquidation on its claim and judgment thereon before any part of the principal due the RFC on its debenture "A" is paid. The appellant also contends that the appellant as assignee in respect to the Bank's insured liabilities is entitled to a pro rata participation in the interest dividends payable to general creditors. We think that each of these contentions is not well founded.

It is the great weight of authority in this country that as between different classes of creditors no interest accruing subsequently to insolvency will be paid to the creditors of any one class until the creditors of all classes have been paid the principal amounts of their claims in full.

It is to be here noted that we are dealing in the instant case with interest as between creditors and not as between creditors on the one hand and the Bank or its stockholders or directors on the other. Those cases dealing with the latter situation are to be distinguished from the cases where the contest is between creditors alone.

In the case of *People* v. *American Loan & Trust Co.* (1902), 172 N. Y. Rep. 371, 377, 65 N. E. 200, the court in speaking of a situation similar to that in the instant case, said:

"As questions relating to interest are liable to arise so frequently in the settlement of the affairs of insolvent corporations, we adopt the broad, simple and just rule laid down in substance by the Appellate Division, that while interest is allowed as against the corporation itself, or its stock-

holders, if the assets are sufficient for the purpose, as between preferred and unpreferred creditors no interest is allowed after the law takes charge through the appointment of a receiver. . . .

"Interest should not run in favor of one creditor at the expense of another, while the law, acting for all, is administering the assets. If the assets are sufficient to pay all, including interest, it must be paid, for as against the corporation itself interest should be allowed before the return of any surplus to the stockholders. As between the creditors themselves, however, no interest should be allowed during the process of administration, and the delay necessarily resulting therefrom, because the assets are equitably their assets, the administration is for their benefit and the delay is necessary to enable them to take action to present their claims in proper form, as well as to enable the court to put the assets in shape for distribution."

The same holding was made in the case of *Attorney General* v. *American Legion of Honor* (1910), 206 Mass. 131, 92 N. E. 134. In the case of *Thomas* v. *Western Car Company* (1893), 149 U. S. 95, 116, the court said:

"As a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate. . . . We see no reason in departing from this rule in a case like the present, where such a claim would be paid out of moneys that fall far short of paying the mortgage debt."

See also *Taylor* v. *Corning Bank & Trust Co.* (1932), 185 Ark. 691, 48 S. W. (2d) 1102; also *Atlanta Nat. Bank* v. *Four States Grocer Co.* (1911), 135 S. W. 1135 (Texas).

We think also that the statutes of this State awarding interest on judgments should not apply if the effect

would be to allow interest accruing subsequently to insolvency to be paid to the prior creditors before the subordinated creditors are paid the principal amounts of their claims. See *Taylor* v. *Corning Bank & Trust Co., supra;* and *Home Life Insurance Co.* v. *Wasson* (1933), 187 Ark. 769, 62 S. W. (2d) 27; *Fulton* v. *Baker-Toledo Co.* (1934), 128 Oh. S. 226, 190 N. E. 459; and *Squire* v. *American Express Co.* (1936), 131 Oh. S. 239, 2 N. E. (2d) 766.

Paragraph 12 of the debenture under consideration provides that on liquidation depositors and other creditors shall be entitled to be "paid in full" before any payment is made on the debenture, and that after "payment in full" of the claims of depositors and other creditors, the principal of the debenture plus interest to the date of payment shall be paid before any payment is made on the "B" debentures or on the capital stock. We think a proper construction of the words "paid in full" or "payment in full" in the "A" debenture owned by the appellee RFC refer and relate to the amount due the creditors on the date of the debtor's insolvency, and that they do not include interest accruing subsequent to that date. See *Commissioner of Banks In re Prudential Trust Co.* (1923), 244 Mass. 64, 138 N. E. 702; also *Ledford* v. *Skinner* (1937), 156 Ore. 651, 69 P. (2d) 519; *In re Pacific Coast Building-Loan Ass'n.* (1940), 15 Cal. (2d) 134, 99 P. (2d) 251; see also *Boston & A. R. Co.* v. *Mercantile Trust & Deposit Co.* (1896), 82 Md. 535, 34 A. 778.

Our conclusion from an examination of the authorities and decided cases governing the matter under consideration as to the payment of interest accruing after the beginning of liquidation on claims is that the great weight of authority

sustains the view that the words "paid in full" or "payment in full" at least between prior and junior creditors in a liquidation proceeding generally are held to refer to the payment in full of the principal of the claims as they existed as of the date of the commencement of the receivership or liquidation, as the case may be, not including interest after the date of the commencement of the liquidation.

The FDIC forcefully contends in effect that the order of the court on May 14, 1937, allowing the RFC's claim and ordering it to be paid after the payment of preferred claims, expenses of liquidation and general claims but prior to the "B" debentures, constitutes an adjudication that the interest accruing after the Bank closed should be paid to the FDIC and the other creditors before any payment should be made to the RFC on its principal claim. We think that the construction placed upon the order by the FDIC is erroneous. At the time the order was made on May 14, 1937, it was made upon the proof of the claim filed by the RFC in which the RFC itself alleged that its claim was under the terms of the debenture subordinate to the claims of depositors and general creditors, but we think this clearly refers to the claims of depositors and general creditors as of the date of the beginning of the liquidation. There was no issue made at the time said claim was allowed by the court, nor could there have been any specific issue made at that time, as to the payment of interest subsequent to the beginning of the liquidation, because at that time no one could reasonably foresee that there would be any funds available for the payment of interest. As we view it, the court did not have before it and did not consider the matter of such interest. As heretofore pointed out, this claim of the FDIC for interest was

asserted almost four years after the court made the May 14, 1937, allowance of claim, and was about one and a half years after the FDIC had been paid in full its final dividend on the principal amount of its claim. It thus clearly appears that the question of interest did not arise at the time the said order was made and from the very nature of the transaction could not possibly have been made at that time the subject-matter for the consideration of the court. We see no just reason to conclude that the order of May 14, 1937, was intended and should be construed to mean that the FDIC should be entitled to interest on its claim before the RFC is paid in full on the principal of its claim as allowed by the court. The appellant cites the case of *In re Liquidation of Citizens St. Bk., Hein* v. *Wright* (1939), 215 Ind. 167, 19 N. E. (2d) 258, to the proposition that an order of court allowing a claim is a final judgment. We see no conflict whatever between our holding herein and that case, or how it aids the appellant.

In the trial of the instant case, it was not the FDIC's theory that the question of interest had already been decided, and the record does not disclose that any such contention was made at any time in the trial court, and this is an additional reason why we conclude that the FDIC cannot now rightfully defend the position which it takes. In the case of *Wilson* v. *Wilson* (1925), 83 Ind. App. 690, 693, 149 N. E. 732, the court said:

> "The appellant cannot be permitted to change the theory of his case upon appeal; to allow such would work not only an unjustice to the adverse litigant but also to the trial court."

See also *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 101 N. E. 718; also *Picquet* v. *M'Kay* (1831), 2 Blackf. 465; *Brown* v. *Stapleton* (1940), 216

Ind. 387, 24 N. E. (2d) 909; *Williams* v. *Williams, Admr.* (1940), 217 Ind. 581, 29 N. E. (2d) 557; *Northern Ind. Power Co.* v. *Castor* (1928), 88 Ind. App. 339, 156 N. E. 571. The cases are numerous as to the correctness of the above proposition.

We are also of the opinion that the trial court reached the correct result and that is an additional reason why the judgment should be affirmed.

Finding no error, the judgment of the trial court is affirmed.

NOTE.—Reported in 44 N. E. (2d) 992.