JAMISON, Banking Com'r of Texas, v. FEDERAL DEPOSIT INS. CORPORATION.

No. 11269.

Circuit Court of Appeals, Fifth Circuit.

May 14, 1945.

Rehearing Denied June 14, 1945.

Woodville J. Rogers, of San Antonio, Tex., for appellant.

John H. Russell, of Chicago, Ill., and O. R. Tipps, of Wichita Falls, Tex., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

The Benjamin State Bank of Benjamin, Texas, became financially involved in 1934.

---

2 Maryland Casualty Co. v. Moritz, Tex.Civ.App., 138 S.W.2d 1095.

In an effort to survive its crisis, it borrowed $32,500 from the Reconstruction Finance Corporation, issuing to that agency income debentures aggregating in principal the amount borrowed. These debentures provided that the obligations evidenced thereby should be subordinate to all obligations of the bank to its depositors and all other creditors; and that, in case of receivership of the bank, all depositors should be entitled to be paid in full all sums owing before any payment should be made of principal or interest on the debentures.

The bank was taken into receivership for liquidation by the Banking Commissioner of Texas in 1936. The Federal Deposit Insurance Corporation, which had insured deposits as provided by 12 U.S.C.A. § 264, thereupon paid to all insured depositors the principal of their deposits in the sum of $96,532.15, and received from each such depositor an assignment subrogating the F. D. I. C. to all the depositor's rights against the bank arising out of the insured deposit. In due course, the assets of the bank were fully liquidated, except those determined to be valueless by the Receiver, and a sum was realized sufficient to repay the F. D. I. C. the full amount that it had paid to depositors. The cash and other assets remaining in the hands of the Receiver, as the parties concede, did not aggregate in value a sum sufficient to pay in full the principal of the claim of the R. F. C., upon which no payment had been made.

The F. D. I. C. then filed an additional claim, in the sum of $6,996.08, for interest on its aggregate principal claim against the bank. The Receiver disallowed this claim, and the F. D. I. C. brought this suit to enforce its payment. The court below gave judgment for the F. D. I. C., and the Receiver appealed. The only question for decision is whether, under the stated facts, the F. D. I. C. is entitled to be paid its claim for interest prior to the payment of the claim of the R. F. C. for the principal of its claim.

The general rule is that where the assets of an insolvent bank in receivership are more than sufficient to pay all debts, then the creditors are allowed dividends to pay the interest due from the debtor bank, but where the assets are not sufficient to pay the principal of all debts, interest on general claims will not be computed for the period after the receiver took control.[1] In measuring the share of each creditor in the fund, interest beyond the date of suspension is not calculated.[2] This rule was the outgrowth of the established principles that the rights of creditors in assets are fixed as of the date said assets are transferred by operation of law to a trustee for creditors; and that the delay in distribution is an act of the law and a necessary incident to the settlement of the estate, for which delay no interest by way of damages accrues.[3] The general rule has been adopted and applied by the courts of Texas.[4]

The application of the law to the facts is not difficult. Since the R. F. C. is a creditor of the insolvent bank, and the Receiver does not have sufficient assets to pay its claim in full, this is a case wherein the assets of the insolvent are insufficient to defray the principal of all debts owing. The rights of the depositors are therefore limited to a recovery of the principal of the deposits only, and the rights of the F. D. I. C. are no greater. These sums having been paid in full, the terms of the subordination agreement have been satisfied. The R. F. C. is now entitled to have the remaining assets applied to the payment of its indebtedness.[5]

The judgment appealed from is reversed, and the cause remanded to the district court with direction to dismiss the suit.

[1] Ticonic National Bank v. Sprague, 303 U.S. 406, 58 S.Ct. 612, 82 L.Ed. 926; Chemical National Bank v. Armstrong, 6 Cir., 59 F. 372, 28 L.R.A. 231; 7 Am. Jur. 536; Zollmann's Banks and Banking, Sec. 3510.

[2] Chemical National Bank v. Armstrong, 6 Cir., 59 F. 372, 28 L.R.A. 231.

[3] White v. Knox, 111 U.S. 784, 4 S.Ct. 686, 28 L.Ed. 603; Thomas v. Western Car Co., 149 U.S. 95, 13 S.Ct. 824, 37 L.Ed. 663; Thomas v. Minot, 10 Gray, Mass., 263.

[4] First National Bank of Houston v. Campbell, 52 Tex.Civ.App. 445, 114 S. W. 887; Cases cited in First State Bank of Eastland v. Phelps, Tex.Civ.App., 67 S.W.2d 900; 25 Texas Jurisprudence, 26.

[5] Federal Deposit Ins. Corporation v. Department of Financial Institutions, 113 Ind.App. 14, 44 N.E.2d 992.