■ In the Matter of TRANSIT CASUALTY COMPANY. ALAN DIGIROL, Appellant; SUPERINTENDENT OF INSURANCE, as Ancillary Receiver of TRANSIT CASUALTY COMPANY, Respondent.— Order, Supreme Court, New York County (Martin Evans, J.), entered on or about May 23, 1990, which granted a motion by respondent disaffirming a Referee's report to the extent of disaffirming the legal conclusions, unanimously affirmed, without costs.

The insurer was placed in liquidation by an amended order of the Circuit Court, Cole County, State of Missouri entered on or about December 4, 1985. The Superintendent was appointed ancillary receiver by order of the Supreme Court, New York County (Thomas J. Hughes, J.) entered on December 26, 1985.

The IAS court ordered a hearing before a Referee on the issue of whether or not claimant received notice that the policy issued by the insurer was canceled, and whether or not any such notice was necessary. The Referee concluded as a matter of fact that no notice was given, and concluded as a matter of law that notice was required. The IAS court confirmed the Referee's factual finding, but disaffirmed his legal conclusion. This was correct. Both under New York law and under Missouri law, an insured has no further rights against the insurer as of the date the insurer is placed in liquidation *(People v American Loan & Trust Co.,* 172 NY 371; *Thomas v Land,* 225 Mo App 216, 30 SW2d 1035). In light of this rule of law, which the claimant concedes, the claimant cannot be said to have had a due process right to the insurance policy after the date of liquidation. Just as there is no due process right prior to the date that right is created by law *(Matter of Jewish Mem. Hosp. v Whalen,* 47 NY2d 331, 340), there is no due process right after it has been extinguished automatically by operation of law. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Smith, JJ.